[Civ. No. 2878. Second Appellate District, Division Two.—March 4, 1919.]

E. T. OFF, Respondent, v. E. S. CRUMP, Appellant.

[1] APPEAL—AMBIGUOUS NOTICE.—A notice of appeal, ambiguous to the extent that it might be considered an attempt to appeal from an order denying a motion for new trial after such an order had ceased to be an appealable order, but still open to the construction of being a notice of appeal from a judgment in the action, will be so considered.

[2] NEGLIGENCE — AUTOMOBILE ACCIDENT — PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE—PLEADING.—In an action for damages for personal injuries sustained by the plaintiff being struck by defendant's automobile, an answer denying that the plaintiff was struck by said automobile from any other cause than his own negligence, and alleging that, on the contrary, the collision with the plaintiff and any injuries which the plaintiff sustained therefrom were wholly and solely due to the negligence of the plaintiff, was insufficient to raise an issue of contributory negligence.

[3] ID.—FINDINGS SUPPORTED BY EVIDENCE.—In this action for personal injuries from a collision with defendant's automobile, the findings of the court, both as to the negligence of the defendant and as to freedom from contributory negligence on the part of the plaintiff are supported by the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County. John L. Hudner, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Duke Stone for Appellant.

Overton, Lyman & Plumb for Respondent.

SLOANE, J.—The plaintiff recovered judgment in this case in the sum of eight hundred dollars for injuries caused from being run into by defendant's automobile. The judgment was entered December 10, 1915. There was a motion for a new trial, which was denied, under an order of court dated January 3, 1916. The notice of appeal recites that the appeal is taken "from an order and judgment entered herein on January 5, 1916, in favor of plaintiff and against this defendant, denying the motion for a new trial and entering judgment against defendant."

[1] The uncertainty and ambiguity of this notice is obvious. Respondent urges that it is notice only of an appeal from the order denying a new trial. At the date of this order and notice an order denying a new trial had ceased to be an appealable order, under amendment of section 963 of the Code of Civil Procedure. Unless the appeal was also taken from the judgment, appellant has no standing in this court. It seems entirely probable that the purpose of the notice was an appeal from the order denying a new trial alone, but, as it is open to a construction covering the judgment as well, and as respondent does not appear to have been misled or prejudiced, we will consider the appeal as properly noticed.

[2] The record comes here on a bill of exceptions, and the only real contention between the parties seems to be on the question of contributory negligence. Respondent objects to any consideration of the evidence applicable to that point on the ground that contributory negligence was not pleaded as a defense. The only matter in the answer suggesting a defense of contributory negligence is, that after controverting the allegations of the complaint charging negligence of defendant in driving his automobile, it is denied "that the plaintiff was struck by said automobile from any cause other than his own negligence," and it is alleged that, "on the contrary, the collision with the plaintiff, and any injuries which the plaintiff may have received therefrom, were wholly and solely due to the negligence of the plaintiff." Similar allegations of negli-

gence as against a plaintiff have been held insufficient to raise
an issue of contributory negligence in *Crabbe* v. *Mammoth
Channel G. M. Co.*, 168 Cal. 500, [143 Pac. 714], and *Hughes*
v. *Warman Steel Casting Co.*, 174 Cal. 558, [163 Pac. 885].
It is contended, however, by appellant that the case was tried,
and evidence introduced, on the theory that contributory negli-
gence had been made an issue.   The findings seem, at any rate,
to have been framed on this theory, as the court finds ''that at
the time plaintiff was struck by said automobile he was using
reasonable and ordinary care, and was not negligent.   That
no negligence of the plaintiff contributed to or was the proxi-
mate cause of the accident.''

[3]   Assuming, for the purposes of this case, that the issue
was properly before the court, we are of the opinion that the
findings of the court, both as to the negligence of the defend-
ant and as to freedom from contributory negligence on the
part of plaintiff, are supported by the evidence.   That the
evidence was sufficient to justify a finding of negligence
against the defendant does not seem to be seriously disputed.
There is more room for disagreement as to whether plaintiff
showed a want of ordinary care contributing proximately to
the injuries complained of, but it is a matter on which, under
the evidence, reasonable minds might differ, and, therefore,
the finding of the court cannot be disturbed.

There is very little conflict in the testimony.   The plaintiff
started to cross a street, apparently in the business district of
Pasadena.   He was aware that two automobiles were approach-
ing from different directions; he seems to have kept an eye
alternately first on one and then on the other, as he progressed
across the street.   When near the center of the street, the car
approaching from the south, being in close proximity to the
plaintiff, sounded its horn.   He looked toward it, at the same
time taking a quick step or two forward to clear its track.   He
then turned his face toward the defendant's machine, coming
from the north, and which was at some distance from him
when he had looked that way just before the horn of the other
machine sounded, and was at that instant, without warning,
run into by defendant's machine.   The defendant admits that
he did not see plaintiff at any time before running him down.
There is evidence that his attention was distracted from his
driving by a dog which he and his wife had in the machine.

The very fact that he did not see plaintiff, in broad daylight, crossing the street, which was not congested with traffic, is evidence in itself that he was not paying attention to his driving. It is said that no significance is to be attached to the fact that defendant did not sound his horn, as plaintiff already knew he was approaching; yet, a timely warning from that source would have notified plaintiff how close he was. Plaintiff could not look both ways at once, but he could have heard from both directions. All these circumstances of defendant's negligence have this bearing on the question of plaintiff's contributory negligence: He had a right, in determining what was the prudent course for him to take, to assume that defendant would drive in a reasonable and cautious manner. (*Medlin* v. *Spazier*, 23 Cal. App. 242, [137 Pac. 1078].)

To sum the whole matter up, if plaintiff was negligent, it was in attempting to cross the street at all when two automobiles were approaching from opposite directions, and likely to pass each other about where he was attempting to cross. If this is negligence, then foot-passengers will have to keep off the crossings of our business streets. That crossing a street is often dangerous there is no doubt; but it does not follow that it is negligence. On the busy streets of our cities every time a man attempts to cross, in the congestion of teams and automobiles, he takes his life in his hands; but it is one of the dangers incident to the strenuous life of the city. Where this accident occurred there does not seem to have been a great amount of traffic. The two cars in question, according to plaintiff's testimony, were about equidistant from him, and from seven hundred to eight hundred feet apart. Plaintiff, for all that appears, might have had to wait a long time to find the street entirely free from danger. Having attempted to cross, as we think he was probably justified in doing, he seems to have looked about him with a considerable degree of diligence, and probably was negotiating his passage with as much skill as would the average man. There seems to have been the whole width of the street for these automobiles to pass each other, and the plaintiff had no reason to suppose that they would attempt to pass so close together that he could not avoid one without getting into the path of the other. The state motor vehicle law, section 20b, [Stats. 1917, p. 401], requires that "vehicles proceeding in opposite directions shall pass each

other to the right, each giving to the other one-half the road as nearly as possible.''

We cannot say that the evidence was insufficient to support the findings.

Judgment is affirmed.

Finlayson, P. J., and Thomas, J., concurred.