LEWIS, RESPONDENT, v. LAMBROS, APPELLANT.

(No. 4,937.)

(Submitted November 25, 1922. Decided December 18, 1922.)

[211 Pac. 212.]

*Personal Property—Sales—Failure of Title—Measure of Damages—Appeal and Error—Dismissal of Appeal—Technicalities.*

Appeal and Error—Dismissal of Appeal—Interchange of "Plaintiff" and "Defendant" in Notice of Appeal—Insufficient Ground.
1. An appeal will not be dismissed on the technical ground that the notice of appeal was defective in that the designation of plaintiff and defendant was interchanged therein.

Personal Property—Brick Building—Sale—Breach of Warranty of Title —Measure of Damages.
2. The measure of damages for breach of warranty of title to a brick building sold as personal property and situated on land owned by a third person is that set forth in sections 8678 and 8700, Revised Codes of 1921, including the element of cost of removal, if removal was necessary, *etc.*

Appeal and Error—Cross-assignments of Error of Successful Party, not Considered, When.
3. Where a judgment in favor of respondent is affirmed on appeal, as asserted by him in his brief that it should be, his cross-assignments of error will not be considered in disposing of the appeal.

*Appeals from District Court, Silver .Bow County; Joseph R. Jackson, Judge.*

ACTION by Curtis U. Lewis against P. D. Lambros. From a judgment for plaintiff and an order overruling his motion for new trial, defendant appeals. Affirmed.

*Messrs. Walker & Walker* and *Mr. C. S. Wagner,* for Appellant, submitted a brief; *Mr. Wagner* argued the cause orally.

We submit that under the allegations of the complaint the damages to the plaintiff cannot be more than nominal, or at most, the reasonable market value of the building as it stood there, which was fixed by the witness Kirzenbaum at five or six hundred dollars, or, on the other hand, the value of the mate-

rials in the building for salvage purposes as fixed by the witness Freudenstein, because the evidence clearly discloses that the building cannot be removed without demolition or destruction.

Under plaintiff's theory of damages a special plea was necessary and indispensable. (*Parker* v. *Bond,* 5 Mont. 1, 1 Pac. 209; *O'Brien* v. *Quinn,* 35 Mont. 441, 90 Pac. 166; *Eeraert* v. *Eureka Lumber Co.,* 43 Mont. 517, Ann. Cas. 1912C, 268, 170 Pac. 1060; *Cook-Reynolds Co.* v. *Chipman,* 47 Mont. 289, 133 Pac. 694; *Root* v. *B., A. & P. Ry. Co.,* 20 Mont. 354, 51 Pac. 155; sec. 306, 17 C. J. 1002.)

*Mr. John A. Shelton,* for Respondent, submitted a brief and argued the cause orally.

Appellant says that respondent should not be allowed to recover more than he could get for the brick, lumber, pipe and other material of which the building is made if the building were torn do‒‒ and such material were piled upon the ground. Section 6060, Revised Codes of 1907, declares that the measure of damages is the value to the buyer, and the "value to the buyer" is declared in section 6082 to mean the price at which the buyer could have bought an equivalent thing in the market. The use of the expression, "value to the buyer," is significant, and clearly manifests a legislative intention to permit the recovery by a buyer who is deprived of the possession of personal property purchased by reason of a breach of warranty of title of the exact equivalent of that which he lost by reason of such breach. By the contract of sale here the buyer would have acquired the building, if the seller had had title, and the statute permits him to recover what it would have cost to put a like building in its place. What he might have sold the building for is immaterial. (*Burt* v. *Dewey,* 40 N. Y. 283; *Beckman* v. *Bormann,* 3 E. D. Smith, 409; *Greenebaum* v. *Taylor,* 102 Cal. 624, 36 Pac. 957.)

MR. COMMISSIONER BORTON prepared the opinion for the court.

This case was once before this court. The report of the decision is found in 58 Mont. 555, 194 Pac. 152. The judgment of the lower court was therein reversed. The case was again tried, resulting in a verdict for the plaintiff. Judgment was entered accordingly, and an order made overruling defendant's motion for a new trial. The defendant has appealed, both from the judgment and the order overruling the motion for a new trial.

The plaintiff has also set out in his brief ten cross-assignments of error, involving the ruling of the lower court on (a) the introduction by the plaintiff of certain evidence, and (b) in allowing the defendant to plead and prove a counterclaim. The plaintiff also moved to dismiss the appeal upon the ground that the notice of the appeal is fatally defective.

Defendant, in 1916, was in possession and represented himself to be the owner of a certain brick building in the city of Butte. He did not assert any ownership to the land on which the building rested. On July 24, 1916, the defendant sold the plaintiff the brick building, it being expressly understood between the parties that the sale was one of personal property. The defendant surrendered possession to the plaintiff on July 27, 1916. In the transaction it became necessary for the plaintiff to borrow $3,000. The defendant guaranteed plaintiff's note for that sum at the Miners' Bank in Butte on the day of the sale. The plaintiff made certain payments on the note, so that on December 1, 1917, there was due on the note $1,500.

The plaintiff first ascertained on December 31, 1917, that the defendant, when he sold the plaintiff the building on July 24, 1916, had no title to the building, and that the building was at the time he dealt with the defendant, and up to December 31, 1917, owned by one Kemper. Title having failed, plaintiff brought this suit for damages.

We consider first plaintiff's motion to dismiss the appeal. [1] The ground of this motion is that the notice of appeal is fatally defective, in that the designation of the plaintiff and

[65 Mont. 366.]

defendant is interchanged. The best that can be said for this is that it is highly technical. The position of plaintiff on this matter becomes even more technical when it is borne in mind that the notice of appeal contains, not only a notice of appeal from the judgment, but also an appeal from the order overruling defendant's motion for a new trial. It is not advanced that the notice of appeal from the order is defective in any particular. How, then, the plaintiff was prejudiced, or misled, we fail to perceive. To refuse to determine this case upon the merits by reason of the technicality pointed out would give such a technical objection a force and effect far beyond all reasonable grounds. The motion to dismiss the appeal is therefore without substantial merit.

.We consider next the main question: What is the measure [2] of damages to the buyer of personal property, when the title fails? The statutes of this state answer the question in this language: ''The detriment caused by the breach of a warranty of the title of personal property sold is deemed to be the value thereof to the buyer, when he is deprived of its possession, together with any costs which he has become liable to pay in an action brought for the property by the true owner.'' (Sec. 8678, Rev. Codes 1921.) They also define the value to the buyer in these words: ''In estimating damages, except as provided by the next two sections, the value of property to a buyer or owner thereof, deprived of its possession, is deemed to be the price at which he might have bought an equivalent thing in the market nearest to the place where the property ought to have been put into his possession, and at such time after the breach of duty upon which his right to damages is founded as would suffice, with reasonable diligence, for him to make such a purchase.'' (Sec. 8700, Rev. Codes 1921.)

Both parties had these sections in mind at the trial of the case, and had no quarrel with the principle therein set forth, the defendant contending that since the building was personal property, the estimate of value must be upon the condition that

the building must be removed. This, however, goes to the proof, not to the principle. Its value must be arrived at by the consideration of many elements, including whether it will be moved or not. The buyer of such a building might be the owner of the ground upon which it rested. The owner of the ground might likewise compel its removal. Neither one nor the other is absolutely determinative of the value.

The plaintiff insisted that the value was determined by what it would cost to erect such a building at the time of the failure of title. This, too, goes to the proof rather than the principle. As remarked above, many elements enter into value. Obviously, to determine value, there must be the proof of numerous facts.

It is important to note that upon cross-examination by both parties the basis of estimate of the value set by the various witnesses was minutely developed. It is a fair inference from the testimony of all the witnesses that in expressing their judgment as to the value of the building, essentially the same elements were considered. The jury having considered the sources of knowledge of the various witnesses and likewise the witnesses' ability to draw conclusions as to value therefrom, rendered a verdict for the plaintiff, and we believe, correctly so.

The defendant challenged the giving of plaintiff's instruction No. 6, asserting that the instruction was misleading and inapplicable. In developing his objection he again asserts that the moving of the building is an absolute qualification. As pointed out above, we do not think so, and defendant's objection to the instruction was properly overruled.

We consider now the cross-assignments of error specified by [3] the plaintiff. These have to do with the rulings of the court in allowing the pleading and proof of a counterclaim, the plaintiff asserting that the court erred in so doing. Since, however, we find no merit in the appeal of the defendant, and upon that branch of the case affirm the lower court, and since plaintiff in his brief, at page 51, and in his concluding paragraph on pages 62 and 63, asserts that the judgment should

be. affirmed, it is not necessary to consider the cross-assignments of error raised by the plaintiff.

We recommend that the judgment and order be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*