(December 26, 1922.)

ANNIE SWINEHART, Appellant, v. THEO. TURNER, LUCY P. TURNER, PATRICK DUFFEY, ANTONIA DUFFEY and E. H. McBETH, Respondents.

[211 Pac. 558.]

Appeal—Order—Judgment—Notice of Appeal.

1. Whether a written instrument expressing the action of the court is an order or a judgment is to be determined by its contents and substance, not by its title.

2. Where the notice of appeal states that the appeal is from the whole of an instrument, which expresses the action of the court and is in substance and effect a judgment, the appeal is valid, although the notice refers to the instrument as an order sustaining demurrers.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Ralph W. Adair, Judge.

Action to set aside an order of the probate court and certain conveyances. Motion to dismiss appeal. *Denied.*

P. C. O'Malley, J. M. Stevens and D. D. Mote, for Appellant.

An order dismissing an action is a final order and is appealable. The dismissal of an action disposes of the case and is a final judgment. ( 2 R. C. L. 42; *Neblet v. Sackleton,* 111 Va. 707, Ann. Cas. 1912A, 117, 69 S. E. 946, 32 L. R. A., N. S., 577; *In re Sullivan Estate,* 40 Wash. 202, 111 Am. St. 895, 82 Pac. 297; *Harrison v. Lebanon Waterworks,* 91 Ky. 255, 34 Am. St. 180, 15 S. W. 522; *Segusky v. Williams,* 89 S. C. 414, 71 S. E. 971, 36 L. R. A., N. S., 230; *Williams v. Field,* 2 Wis. 421, 60 Am. Dec. 426.)

Swanson & Tydeman, D. W. Standrod and Jas. B. Bacon, for Respondents.

The order in question is not a judgment within the meaning of our statute, because it could not be entered in the judgment docket and be made a lien upon any real property of the plaintiff in Bannock county, or elsewhere, as provided by C. S., sec. 6902. (*Re Weber,* 4 N. D. 119, 59 N. W. 523, 28 L. R. A. 621; *Re Smith's Estate,* 98 Cal. 636, 33 Pac. 744; 15 R. C. L., sec. 4, p. 570.)

The fact that an order sustaining a demurrer provides that the demurrer is sustained without leave to amend does not change the ruling from an order to a judgment. (*Pacific Seaside Home v. Newbert Protection Dist.,* 49 Cal. App. 326, 193 Pac. 169.)

McCARTHY, J.—Respondents move to dismiss the appeal on the grounds, (1) that no final judgment or appealable order was entered, and (2) that the appeal does not purport to be taken from a judgment. March 25, 1922, the court signed and entered a written instrument entitled "order sustaining demurrer," which, after the preliminary recitals, reads as follows:

"It is ordered, that the demurrers interposed to the said amended complaint upon the grounds in said demurrers set out, be and they hereby are, sustained as to both causes of action, which plaintiff attempts to plead.

"And the Court being of the opinion that no further amendments should be allowed on the part of the plaintiff, in that demurrers have been sustained in the same purported cause of action to an original complaint and to different amendments thereto in a former action, which action was dismissed prior to the commencement of the action now at Bar, and also in that demurrers have been sustained to the original complaint in the action now at Bar.

"It is further ordered, that the said action be and it is hereby dismissed, with costs to the defendants."

From this the appeal was taken. Respondents contend that it is merely an order sustaining a demurrer and is therefore not a judgment nor an appealable order. If it is merely an order it is certainly not appealable. (C. S., sec. 7152, subd. 2.) The question remains whether it is a judgment. The fact that it is entitled, "Order Sustaining Demurrer," and is referred to as such in all parts of the record, is not conclusive. The real character of a written instrument is to be judged by its contents and substance, not by its title.

"A judgment is the final determination of the rights of the parties in an action or proceeding." (C. S., sec. 6826.)

In dismissing the action with costs to defendants, this instrument does finally determine the rights of the parties in the particular action, and is therefore a judgment in substance. Respondents contend that it is not a judgment because it does not state that plaintiffs shall recover costs from defendants, and does not contain a blank in which the amount of the costs may be inserted. C. S., sec. 7220, provides that the clerk shall insert the amount of the costs when taxed and ascertained, making it a clerical duty. While we do not recommend this form as a model in all respects, we conclude that it is a judgment.

A more serious objection is based upon the fact that, in the notice of appeal, appellant states she appeals "from the whole of that certain order made and entered in this

action .... sustaining all the demurrers of the above-mentioned defendants to plaintiff's amended complaint, a copy of which order is hereby annexed. This appeal is taken both upon questions of law and fact, and is from every part, and the whole thereof."

It is contended that, since the notice of appeal refers to the instrument as sustaining the demurrers, its effect is to initiate an appeal to that extent only. Since, however, the notice of appeal refers to the whole instrument, annexing a copy, and says that the appeal is taken from the whole thereof, we conclude that it is sufficient to initiate an appeal from the judgment.

For the reasons given the motion to dismiss the appeal is denied.

Budge, Dunn and Lee, JJ., concur.