[Civ. No. 1627.   Fourth Appellate District.—November 6, 1936.]

CHARLES M. FURUTA, Respondent, v. CARL WILLIAM RANDALL et al., Appellants.

Frank L. Simons for Appellants.

West & West for Respondent.

MARKS, J.—This is an appeal from an order denying a motion for new trial, and from a judgment awarding plaintiff damages resulting from the death of Nobuko Furuta, his minor daughter, which occurred in a collision between an automobile in which she was riding and a motor boat on a four-wheel trailer being drawn by an automobile driven by Carl William Randall on Huntington Beach Boulevard, a public highway in Orange County, shortly after twelve-thirty o'clock on the morning of March 28, 1934.

William H. Randall and Mrs. William H. Randall are the parents of Carl and signed his application for an operator's license. Their sole liability in this case is under the

provisions of section 62 of the California Vehicle Act as it existed at the time of the accident.

William Knight, Robert Young and Donald Matthews were companions of Carl on his trip and were joined as defendants in the action. No judgment was rendered against them. When in this opinion we refer to the defendants we do not include these three minors. William H. Randall was regularly appointed guardian *ad litem* of Carl William Randall, William Knight, Robert Young and Donald Matthews, all of whom were minors.

On March 28, 1934, Carl was the owner of a Ford coupe and a cabin cruiser motor boat twenty and one-half feet in length. At the time of the accident he was engaged in transporting the motor boat over the Huntington Beach Boulevard. The motor boat was mounted on a four-wheel trailer which was being towed behind his automobile. The bow of the motor boat projected about four and one-half feet over the front of the trailer and the stern three or more feet over its rear. The trailer was not equipped with lights but Carl had hung a lighted lantern with a red chimney on the propeller at the stern of the boat. One of the tires of the trailer became deflated and the car was stopped with the left wheels of the car and trailer on the pavement and the right wheels on the oiled shoulder of the highway. The evidence offered by defendants is to the effect that when the car was stopped the boys went to the rear of the motor boat and one of them detached the lantern from the propeller and handed it to another who stood several feet, to the rear of the motor boat. Carl decided that the place was not suitable for the repair of the tire because of the proximity of a ditch which paralleled the pavement and prevented him from driving the automobile and trailer completely off the pavement. He reentered his automobile and started driving along the highway at a speed of about five miles an hour while one of his companions followed about ten feet in the rear of the motor boat with the lighted lantern in his hand. Robert Young testified that when the automobile and trailer had proceeded about thirty-five feet he saw the headlights of the automobile in which Nobuko Furuta was riding approaching from the rear at a distance of about one hundred feet. He testified that he waved the red light until the approaching automobile was so close that he had to jump

out of its path. The right side of the automobile struck the left rear of the motor boat injuring Nobuko so seriously that she died.

Massaji Neishi was the driver of the automobile in which Nobuko was riding. Two of her sisters were sitting on the seat beside him. Nobuko was on the right of the rumble seat with another sister sitting on her left. Neishi testified that while he was driving south on his right side of Huntington Beach Boulevard at a speed of about thirty-five miles an hour he saw the motor boat mounted on the trailer loom up about thirty-five feet in front of him; that he applied his brakes and turned to his left; that the right side of his automobile came into contact with the left rear of the motor boat; that there was no light of any kind on the trailer or motor boat nor to the rear of it, and no person with or without a light on the road to the rear of the boat. This testimony was corroborated in detail by Toshiko Furuta. Neishi further testified that after the accident he saw a boy carrying the red lantern walk around from the west side of the boat.

It is admitted that there was no light of any kind on the trailer or motor boat at the time of the accident as required by section 106 of the California Vehicle Act. The violation of this statute constituted negligence *per se* on the part of Carl William Randall, the driver. The trial judge found that this negligence was the proximate cause of the injury and death of Nobuko. The evidence on the question of Robert Young displaying the red light to the rear of the boat was in sharp conflict. This evidence bore on the proximate cause of the accident. As the trial court found that the failure to have any lights on the trailer and motor boat was the proximate cause of the accident we cannot disturb the judgment on appeal even though we should conclude that a contrary finding might have evidentiary support.

Defendants urge that Neishi was guilty of contributory negligence as a matter of law as there were patches of fog across the road over which he approached the scene of the accident. They maintain that because of the fog he should have driven at a less speed than thirty-five miles an hour. Under the facts of this case the question of contributory negligence was one of fact for the trial judge and not one of law for this court. In making this statement we

have assumed, without holding, that the negligence of Neishi, if any, could have been imputed to Nobuko whom the trial court found was a passenger in the Neishi car.

Defendants further urge that the trial court misconstrued the law requiring disabled motor vehicles to park off from the paved portions of the highways, and misapplied that law to the facts of the instant case. There is no mention of this matter in the findings of facts. Where, as here, the evidence supports the findings and the findings support the judgment, we cannot reverse the judgment because of remarks made by the trial judge in summing up the evidence, where those remarks are neither reflected in the findings nor the judgment.

Defendants contend that the trial court committed prejudicial error in refusing to permit their counsel to read into the record an excerpt from the evidence of Neishi given at the coroner's inquest held over the body of Nobuko Furuta. It was offered for the purpose of impeaching the testimony of Neishi given at the trial. The purported impeaching evidence is not contained in the record, at least not within a reasonable distance from the page reference to it in defendants' brief, and in the absence of a proper record we cannot consider the question. However, the testimony is set forth in the briefs of both parties and we agree with the trial judge that it did not tend to impeach the evidence of Neishi given at the trial and that it was properly excluded.

An order denying a motion for new trial is not appealable. (Sec. 963, Code Civ. Proc.)

The appeal from the order denying the motion for new trial is dismissed.

The judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.