[Civ. No. 2476. Fourth Appellate District.—September 30, 1940.]

FELIX ROBERT HOLMES, Respondent, v. VERNON KOEPSEL, Appellant.

L. A. West and George H. Tobias for Appellant.

B. Z. McKinney and Adrian Marks for Respondent.

GRIFFIN, J.—Plaintiff and respondent brought this action to recover damages for personal injuries resulting from the collision of defendant and appellant's automobile with respondent's horse-drawn three-wheel wagon. The accident occurred on Newport road east of Santa Ana, in the county of Orange, on the 27th day of October, 1937. The appellant was driving his car through the outskirts of Tustin and proceeding north on Newport road. The respondent was transporting equipment, used for plowing and cultivating farm land, on the wagon.

Respondent testified that he quit his cultivating work a little before 5 P. M., loaded his wagon with his equipment, and proceeded through Tustin and north on Newport road

towards his home. It was stipulated that there were no lights on the rear of the horse-drawn vehicle. The two-lane pavement upon which respondent and appellant were driving was about 16 feet wide with an 18-inch shoulder on either side. Respondent's wagon was moving slowly along the right side of the road with the two rear wheels straddling the right edge of the paved portion. As appellant was proceeding northerly in the same direction as respondent, he noticed the lights of three other vehicles, one traveling in the same direction, which he proceeded to pass, a second car making a boulevard stop at a dead-end intersection to his left, some distance ahead, and a third car approaching from the opposite direction. About the time appellant had passed the first car and was resuming his position on the right side of the roadway, he came to a point about even with the second car which was making the boulevard stop. As he passed the stopped car, which was on his left, he approached within about 60 to 80 feet of the third car, that is, the oncoming car. He then noticed for the first time an obstacle in his lane of traffic about 30 to 40 feet ahead, which later proved to be the respondent and his wagon. To avoid a head-on collision with the oncoming car he caught the left-hand wheel of the wagon with his right fender and almost simultaneously struck one of the handles of the implement on the wagon, tipping the wagon over and throwing respondent out on the ground.

There was considerable evidence given by witnesses for both parties as to the exact time of day or evening the accident happened, varying from about 5:10 P. M. to as late as a few minutes before 6 P. M. It was stipulated by counsel that the sun had set at 5:04 P. M. on the day in question.

Appellant denied the allegation of negligence and alleged contributory negligence on the part of respondent. The trial was had without a jury and the court rendered judgment for $1368 in favor of the respondent. A motion for new trial was denied and defendant appealed from the judgment.

The first point presented for our consideration is appellant's claim that the uncontradicted evidence shows that respondent was guilty of contributory negligence as a matter of law in this, that respondent did not comply with section 618 of the Vehicle Code which provides:

"When Vehicles Must be Equipped. (a) Every vehicle upon a highway at any time from a half hour after sunset to

a half hour before sunrise and at any other time when there is not sufficient light to render clearly discernible any person or vehicle on the highway at a distance of 200 feet shall be equipped with lighted lamps and lighting devices as respectively provided in this chapter for different classes of vehicles subject to the exceptions set forth in this chapter.''

Appellant argues that even though the evidence was conflicting as to the time when the accident happened, the court, though justified in the conclusion that the accident happened within a half hour after sunset, disregarded and ignored the testimony that it was so dark that all other vehicles at the time and place of the accident had their lights turned on and that it was dark at that time and therefore the court did not give consideration to the condition of visibility or discernibility under the second provision of said section.

It is appellant's position that viewing all the testimony on behalf of the respondent, there is no contradiction as to the fact that it was sufficiently dark to require lights on vehicles using the highway at that particular time and that appellant could not be held responsible for his failure to anticipate that the respondent's vehicle would not be equipped with lights and warning as required by law, citing *Robbiano* v. *Bovet*, 218 Cal. 589 [24 Pac. (2d) 466], *Furuta* v. *Randall*, 17 Cal. App. (2d) 384 [62 Pac. (2d) 157], *Fouch* v. *Werner*, 99 Cal. App. 557 [279 Pac. 183], and *Hudgins* v. *Standard Oil Co.*, 5 Cal. App. (2d) 618 [43 Pac. (2d) 597].

Respondent points out that the evidence discloses that the sun had been shining the day of the accident; that it was clear and that there were no clouds. One witness testified that she was standing in the driveway in front of her garage 150 to 250 feet away from the highway and saw the Holmes horse run by after the accident. She also testified that the accident happened about 5:15 P. M.

Another witness testified that she saw Mr. Holmes and his cart and horse and another car behind him; that there was no fog, and that there was nothing to interfere with the visibility on the highway and that it was not raining.

A Mr. Patterson, driver of the car making the boulevard stop, testified that he could see the Holmes cart plainly without headlights; that he could see a person up Newport road for 100 yards or more; that he saw the Koepsel car go about 300 feet down the road to where it stopped; that it was not

dark and he had driven without lights up to Newport road just immediately prior to the accident and the visibility was good; that he saw some of the folks over 300 feet away, coming out and running into the road and starting down to the accident.

Another witness testified that only one car on the highway had lights on it. The record is replete with similar evidence. We therefore conclude that the trial court was justified in finding that respondent was not, at the time of the accident, required to equip the wagon with lights as provided in section 618 of the Vehicle Code. It therefore must follow that the finding of negligence on the part of appellant as well as the finding that respondent was not guilty of contributory negligence as a matter of law, are supported by the evidence.

Judgment affirmed.

Barnard, P. J., concurred.

Mr. Justice Marks, being disqualified, did not participate herein.