[Civ. No. 2578. Fourth Appellate District.—March 14, 1941.]

B. T. SHIMIZU, Plaintiff and Respondent, v. I. A. KURTZ, Appellant; BILL BURKE, Cross-Complainant and Respondent.

James R. McBride for Appellant.

Cecil E. Edgar for Respondents.

MARKS, J.—This is an appeal from a judgment for damages resulting from a collision between two motor vehicles at about 8 o'clock on the evening of May 20, 1939, on Highway No. 99, in Kern County.

B. T. Shimizu was the owner of a Ford V8 truck which, with its load of vegetables, was being driven by Bill Burke southerly on Highway No. 99. About 17 miles south of Bakersfield it ran into the rear of a Model T Ford, on which was mounted an orchard spraying rig which belonged to I. A. Kurtz and John Clark, and which was being driven southerly on the highway by Clark.

The action was started with the complaint filed by Shimizu against Clark and Kurtz, to recover his property damage and for loss of the use of his truck. Clark and Kurtz countered with a cross-complaint against Shimizu and Burke,

who was brought in as a cross-defendant. Burke replied with another cross-complaint for personal injuries. Clark died before the trial and the action was abated as to him. Shimizu recovered judgment against Kurtz for $507.13 and Burke recovered judgment against him for $25.

Kurtz argues that the findings of negligence on the part of Clark and of no contributory negligence on the part of Burke are contrary to the evidence.

At the point of the accident the highway has four lanes, two for northbound traffic and two for southbound traffic, separated by a level strip of land about 30 feet wide.

Two members of the California Highway Patrol stopped Clark when he was about one-half mile north of the point of the accident. They informed him that the tail light and the headlights on the Model T Ford were rather dim; that the tail light did not conform to the law as it could not be seen from a distance of 500 feet to the rear. (Vehicle Code, secs. 621 and 624.) One of the officers advised Clark to either fix the tail light or pull off the road and go to bed. He did neither. He continued on his way.

Burke testified that he was driving his truck southerly at about 43 miles per hour in the right traffic lane; that its headlights were illuminated and in good order; that the Model T Ford had no lights; that he did not see it until he was right on top of it; that he swerved his truck to his left but could not avoid hitting it.

The argument that this evidence shows no negligence on the part of Clark is without merit. It is clear that the lights on the Model T Ford were either not illuminated or that they did not conform to the requirements of the Vehicle Code which of itself is negligence. The trial judge found this was the proximate cause of the accident. This was a question of fact for the trial judge. He having resolved that question in favor of Shimizu and Burke, and as the evidence supports the finding, it is final here.

Kurtz also argues that Burke was guilty of contributory negligence in failing to see the Model T Ford in sufficient time to have avoided the collision. This presents another question of fact addressed to the trial judge who found that there was no contributory negligence. There being evidence to support that finding we cannot disturb it here.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.