### HOWARD

v.

### THOMPSON–WHITE LUMBER CO., Inc., et al.

### No. 12618.

Court of Civil Appeals of Texas.

Galveston.

March 11, 1954.

Rehearing Denied April 1, 1954.

W. Jiles Roberts, Houston, for appellant.

Morris, Underwood & Oldham, and Larry W. Morris, Houston (Decatur J. Holcombe, III, Houston, of counsel), for appellees.

HAMBLEN, Chief Justice.

The following statement of the case, which appears to be substantially correct, is taken from appellant's brief:

This is an action for damages for personal injuries sustained by appellant, W. M. Howard, on May 16, 1951, while passing to the rear of a motor vehicle parked at the curb on Leeland Avenue in the City of Houston when the same was started from a stopped position by appellee, Guy F. Burkart, an employee of appellee, Thompson-White Lumber Co., Inc., who was acting within the scope of his employment at the time and on the occasion in question. Appellee Burkart started the automobile from a stopped position at the curb and backed into appellant, who was standing at the rear of the automobile waiting for traffic to clear on Leeland Avenue, knocked appellant down, then drove forward, dragging appellant under the automobile and thereby injuring him. The case was submitted to the jury upon eleven special issues and in answer to the same the jury found that appellee Burkart was negligent in failing to keep a proper lookout for pedestrians such as W. M. Howard and that such failure was a proximate cause of the collision; that appellee Burkart was negligent in driving his automobile forward after striking appellant, and that such action was a proximate cause of appellant's injuries; that appellant was keeping a proper lookout; that appellant was crossing Leeland Avenue at a point other than within a marked crosswalk and that such conduct was a proximate cause of the collision in question; that the injuries to appellant, W. M. Howard, were not the result of unavoidable accident and that Guy F. Burkart was acting in a sudden emergency in moving his car forward after striking appellant. The jury assessed appellant's damages at $4,000.

After receipt of the verdict judgment was entered that plaintiff take nothing. This judgment is attacked by appellant in four asserted points of error. Essentially two contentions are made by appellant by such points. First, he contends the action of appellant in crossing Leeland Avenue at a point other than within a marked crosswalk does not, under the facts of this case, constitute negligence per se and consequently the finding of proximate cause made by the jury is insufficient without a finding of negligence to support a judgment in appellees' favor. We see no merit in this contention. Appellees affirmatively plead Art. 6701d, § 78(a) of the Revised Civil Statutes of Texas, and plead and proved Art. X, Sec. 2325, C 48 of the Code of the City of Houston. The Texas Statute provides "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the highway." The City ordinance provides "It shall be unlawful for any pedestrian to cross any street or public way in the City

except at intersections of streets in a straight line between projections of the building lines of the street except where the traffic engineer has designated a crosswalk."

Appellant contends that the Texas statute has no application to a situation where the vehicle is standing still at the curb, it being his theory that such was not the purpose which the Legislature had in mind in enacting the statute. In support of this contention appellant cites the case of Trout v. Bright, 161 A. 354, 10 N.J.Misc. 914, wherein a New Jersey court so construed a similar Pennsylvania statute, 75 P.S.Pa. § 572(a). We do not feel that the New Jersey authority is binding upon this Court and are unable to approve the reasoning there employed when applied to the statute and ordinance here involved. The Texas statute refers to "all vehicles upon the highway." There is nothing in the wording of the statute which indicates an intention on the part of the Legislature to protect pedestrians only against the hazard of vehicles moving on the highway. The words "all vehicles upon the highway" includes vehicles maneuvering to leave the curb and it is apparent that compliance with the statute would protect pedestrians against the particular hazard here involved. Aside from that we have in this case a city ordinance not present in the New Jersey case declaring unlawful the very act which the jury, upon adequate evidence, found that appellant had committed. We, therefore, hold that the action of appellant in crossing Leeland Avenue at a point other than within a marked crosswalk, because of the statute and ordinance controlling such conduct, constituted negligence per se and that the jury's finding that such was a proximate cause of the collision supports the judgment in appellees' favor.

Appellant further contends that there exists a fatal conflict between the jury's finding that appellee Burkart was negligent in driving forward after striking appellant, thus proximatey causing the injury complained of, and the finding that appellee Burkart was acting in a sudden emergency in moving his car forward after striking appellant. If such findings constitute a conflict, the only effect would be that the latter might prevent the former from supporting a judgment in appellant's favor. But neither finding in any manner conflicts with the finding that appellant's action in crossing Leeland Avenue at a point other than a marked crosswalk proximately caused the collision. This last finding constitutes a finding of contributory negligence on appellant's part, and is controlling in that it constitutes, under our law, a complete defense to appellant's cause of action. The conflict, if any, is therefore immaterial.

We, therefore, conclude that all of appellant's points of error must be overruled and the judgment of the trial court affirmed.

Affirmed.