289 P.2d 608

George TURNER, Plaintiff-appellant,

v.

Rockne D. PURDUM and Malden Dye, Defendants-respondents.

No. 8296.

Supreme Court of Idaho.

Oct. 31, 1955.

Albaugh, Bloem, Barnard & Smith, Idaho Falls, for appellant.

J. Blaine Anderson, Blackfoot, for Malden Dye.

Merrill & Merrill, Pocatello, for Rockne D. Purdum.

PORTER, Justice.

On October 20, 1953, about 9:30 p. m., appellant and respondent, Rockne D. Purdum, were driving from appellant's home to his place of work. They were traveling west on the Firth-Goshen Road in Bingham County. They were riding in a Hudson automobile owned and driven by respondent Purdum. They were traveling from 45 to 50 miles per hour. It was windy, with some dust and occasionally a sprinkle of rain.

Appellant was riding in the front seat of the car. He had ridden before with respondent Purdum and considered him a careful driver. It seemed to appellant that Purdum was driving all right and in no way in an abnormal manner. There was nothing in Purdum's driving which caused appellant any concern, and he just leaned back in the seat and rested. He remembers nothing of the accident in which he was injured.

Respondent, Malden Dye, at the same time, was driving a farm tractor in a westerly direction on the Firth-Goshen Highway, towing a two-way, two row potato digger. The potato digger was six feet wide, 41 inches high and nine feet long. There was a white light about 4½ inches in diameter, fastened under the rear seat of the tractor slanted slightly downward, but higher than the potato digger, which illuminated the digger and the road to the rear thereof. There were no yellow or red lights or reflectors on the rear of the tractor or lights or reflectors of any kind upon the potato digger. When respondent Purdum was about one-half mile behind the tractor and digger, he observed a white light for a short time and then did not see it anymore until he was within 25 or 30 feet of the potato digger and then he did not have time to apply his brakes or to turn out and avoid the potato digger. The Hudson automobile crashed into the digger and appellant received serious, permanent personal injuries in the collision.

Appellant brought this action against the respondents jointly charging their concurrent and simultaneous negligence caused the accident. By his complaint he alleged that respondent Purdum drove his automobile negligently and in reckless disregard of the rights of appellant in that he drove the same at an excessive speed and without keeping a proper lookout ahead. He alleged also that respondent Dye was negligent in driving the farm tractor and potato digger upon the highway after dark without proper lights or reflectors.

At the close of plaintiff's evidence at the trial of the cause, defendant Purdum made a motion for nonsuit. The motion was by the court granted and a judgment of dismissal, dated December 21, 1954, was entered December 22, 1954. The trial then proceeded against the defendant Dye and resulted in a verdict by the jury for defendant. Judgment on the jury's verdict in favor of defendant Dye, was entered December 22, 1954. From such judgments appellant has appealed.

Respondent Purdum has filed a motion in this court to dismiss the appeal as against him on the ground that an appeal was not properly taken from the judgment of dismissal entered in his favor. The Notice of Appeal reads as follows:

"Notice of Appeal

"To V. F. Wootton Clerk of the above-named District Court, To Malden Dye, defendant and J. Blaine An-

derson, his attorney, and to Rockne D. Purdum, defendant, and Merrill and Merrill, his Attorneys.

"Take Notice, that the plaintiff in the above entitled action hereby appeals to the Supreme Court of the State of Idaho, from the judgment rendered in the above-entitled cause in the District Court of the Sixth Judicial District of the State of Idaho, in and for the County of Bingham on the 22nd day of December, 1954, in favor of the defendants and against the plaintiff, and from the whole of said judgment.

"Dated this 28th day of January, 1955."

Respondent Purdum contends that this Notice of Appeal does not include the judgment of dismissal entered in his favor. It will be noted that the Notice of Appeal was addressed to both respondents and to their respective attorneys and it was duly served upon the attorneys for each of respondents. That it was the intention of appellant to appeal from both the judgment of dismissal and the judgment on the verdict of the jury is shown by the Praecipe, which specifically calls for the inclusion of both of such judgments in the transcript. The only defect in the Notice of Appeal is that it uses the word "judgment" twice in the singular instead of in the plural, although it refers to the defendants in the plural. Both of the judgments being dated December 22, 1954, the Notice of Appeal does not within itself exclude either of such judgments, as was the case in Helgeson v. Powell, 54 Idaho 667, 34 P.2d 957, upon which respondent Purdum relies.

In Mendini v. Milner, 47 Idaho 322, at page 326, 276 P. 35, at page 37, in discussing an alleged insufficient notice of appeal, we said:

"The only reason for limiting the effect of a notice to the parties specifically named in the heading is to make certain that the party served will not be misled to his prejudice. But where, as here, each necessary party has received a notice properly directed to himself, containing sufficient reference to the judgment from which the appeal is taken, no substantial reason appears why such notice is not sufficient. The only purpose of serving a notice of appeal is to inform each party whose rights are involved that an appeal has in fact been taken."

Where respondent has not been prejudiced or misled, this court has many times held notices of appeal to be sufficient although they were irregular in some respects, and contained technical defects. Taylor v. McCormick, 7 Idaho 524, 64 P. 239; Robinson v. St. Maries Lumber Co., 32 Idaho 651, 186 P. 923; Swinehart v. Turner, 36 Idaho 450, 211 P. 558; Fond v. McCreery, 55 Idaho 144, 39 P.2d 766. In Kellett v. Marvel, 6 Cal.2d 464, 58 P.2d

649, at page 653, it was held that a notice of appeal is to be liberally construed to preserve the right of review. Mere clerical errors and technical defects are not generally considered sufficient to make a notice of appeal fatally defective. Off v. Crump, 40 Cal.App. 173, 180 P. 360; Lewis v. Lambros, 65 Mont. 366, 211 P. 212; 4 C.J.S., Appeal and Error, § 593(f), p. 1061.

Respondent Purdum was not prejudiced or misled by the mere clerical defects in the Notice of Appeal whereby the judgments were inadvertently referred to in the singular instead of in the plural. The motion to dismiss the appeal must be denied.

 Appellant's first specification of error is that the court erred in granting the motion for nonsuit and entering judgment of dismissal in favor of respondent Purdum. It is conceded that appellant was a guest in the automobile being driven by respondent Purdum and subject to our guest statute which is Section 49-1001, I.C., reading as follows:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of the said owner or operator or caused by his intoxication or his reckless disregard of the rights of others."

It is not contended that the accident was intentional or that respondent Purdum was intoxicated. Appellant contends that there was sufficient evidence to go to the jury on the question of the liability of respondent Purdum on the theory that he acted in reckless disregard of the rights of others. In Foberg v. Harrison, 71 Idaho 11, at page 16, 225 P.2d 69, at page 71, we redefined the term "reckless disregard" as follows:

"The term 'reckless disregard' as used in said section means an act or conduct destitute of heed or concern for consequences; especially foolishly heedless of danger, headlong rash; wanton disregard, or conscious indifference to consequences."

We have followed this definition of the term "reckless disregard of the rights of others" as used in our guest statute in the later cases of Mason v. Mootz, 73 Idaho 461, 253 P.2d 240; Riggs v. Roberts, 74 Idaho 473, 264 P.2d 698; Loomis v. Church, 76 Idaho 87, 277 P.2d 561. In Mason v. Mootz, supra, after recognizing that in a guest case the burden is on the plaintiff to prove that the accident was caused by conduct on the part of the defendant amounting to reckless disregard and that proof of ordinary negligence is not sufficient, we further said [73 Idaho 461, 253 P.2d 243]:

"It must be remembered that reckless disregard, within the meaning of the guest statute, requires proof of an absence of heed or concern for

138

consequences, a heedlessness of danger, a 'wanton disregard, or conscious indifference to consequences.' This implies a consciousness of danger and a willingness to assume the risk, or an indifference to consequences. There is nothing to indicate that appellant was driving in such manner as to infer an awareness of danger, or an indifference to consequences."

On page 29 of appellant's brief, it is stated:

"We do not attempt to single out any specific act of Purdum's as constituting 'reckless disregard'. As we view it, the issue should be considered as a combination of various concurring acts of negligence. While no single act might, in itself, be said to reach the statutory degree, when considered in combination, they might well be considered by a jury to meet the statutory test."

Appellant fails to point out any act or acts of negligence or combination of such acts by respondent Purdum which appellant considers as constituting reckless disregard. The evidence does not disclose that respondent Purdum was driving at a rate of speed which could constitute more than ordinary negligence under the circumstances. His failure to see the potato digger in time to avoid the accident could not be more than ordinary negligence. There is nothing in the record to indicate that respondent Purdum was or should

have been conscious of danger and to indicate a willingness on his part to assume the risk, or an indifference to consequences.

There being no evidence in the record at the time the motion was made for nonsuit which would sustain a verdict for appellant against respondent Purdum, the court properly granted the motion for nonsuit and dismissed the action as to respondent Purdum.

■ The second assignment of error is that it was error for the trial court, after having granted a nonsuit as to respondent Purdum, to instruct the jury in Instructions Nos. 1, 2 and 3, on the allegations of the pleadings regarding the cause of action against Purdum and his defenses thereto. It may be conceded that appellant is correct in stating that the trial court should confine its instructions to the issues of the case as they exist at the time the instructions are given. In the instant case, it is alleged in the complaint that respondent Purdum acted in a negligent manner and in reckless disregard of the rights of appellant; that respondent Dye was guilty of negligence; and that the combined negligent acts of the two respondents became the proximate cause of appellant's injury. Respondent Purdum in his answer denied any negligence on his part but admitted negligence on the part of respondent Dye. Respondent Dye in his answer denied any negligence on his

part but admitted negligence on the part of respondent Purdum.

After the nonsuit was granted in favor of respondent Purdum on the ground that the evidence did not show that he had acted in reckless disregard of the rights of appellant, there still remained in the case the question of Purdum's negligence, if any, and as to whether such negligence was the sole proximate cause of the injury to appellant. An examination of the challenged instructions, setting out the issues in the case, does not disclose that the court went beyond fairly explaining to the jury the issues and the effect thereon of the dismissal of the action as against respondent Purdum. We find no prejudicial error in such instructions.

Appellant's third assignment of error is that the court erred in instructing the jury a potato digger is not a "vehicle" within the meaning of Section 49–501, subd. a, I.C., as Section 49–501, I.C., existed at the time involved in this action. Such section contained subsections a and e, reading as follows:

"a. 'Vehicle.' Every device in, upon or by which any person or property is or may be transported or drawn upon a public highway; excepting devices moved by human power or used exclusively upon stationary rails or tracks: provided, that for the purposes of this chapter, a bicycle or a ridden animal shall be deemed a vehicle.
* * *

"e. 'Farm Tractor.' Every motor vehicle designed and used primarily as a farm implement for drawing plows, mowing machines and other implements of husbandry."

Section 49–548, subdivision n, I.C., then existing, read as follows:

"n. Lights on Other Vehicles.

"All vehicles not heretofore in this section required to be equipped with specified lighted lamps shall carry one or more lighted lamps or lanterns displaying a white light visible under normal atmospheric conditions from a distance of not less than 500 feet to the front of such vehicle and displaying a yellow or red light or reflector visible under like conditions from a distance of not less than 500 feet to the rear of such vehicle."

A potato digger is an implement of husbandry. It is not an instrumentality for transporting persons or things from place to place. While under some statutes and for some purposes and under some authorities it might be considered a vehicle, we are of the opinion that a potato digger is not to be considered a vehicle under the statutes in question and required to display a statutory yellow or red light or reflector visible for a distance of not less than 500 feet on the rear thereof.

140

Jackman v. Hamersley, 72 Idaho 301, 240 P.2d 829; Franklin v. Wooters, 55 Idaho 619, 45 P.2d 804; Sant v. Continental Life Ins. Co., 49 Idaho 691, 291 P. 1072; Illingworth v. Madden, 135 Me. 159, 192 A. 273, 110 A.L.R. 1090. Chapter 273, 1953 Session Laws, repealing and superseding Chapter 5, Title 49, I.C., and Chapter 84, 1955 Session Laws, passed to supersede said Chapter 273, 1953 Session Laws, both specifically provide for the lighting of a farm tractor and towed unit of farm equipment or implement of husbandry. There was no such provision contained in Chapter 5, Title 49, I.C.

■ By Assignment of Error No. 4, appellant urges that the trial court erred in giving Instruction No. 19 to the effect that the failure of a person to perform a duty imposed upon him by statute such as failing to have his vehicle equipped with the required lights, is evidence of negligence and not negligence per se. Instruction No. 19 contains the following:

"It is the law that the failure of a person to perform a duty imposed upon him by statute is evidence of negligence on his part; nevertheless such neglect, however illegal, furnishes no legal ground for complaint unless there is in addition thereto a showing by a preponderance of the evidence that such neglect was a contributing or proximate cause of the collision."

The violation of statutory provisions relating to lights on vehicles is negligence per se. Tendoy v. West, 51 Idaho 679, 9 P.2d 1026; Maier v. Minidoka County Motor Co., 61 Idaho 642, 105 P.2d 1076; Linde v. Emmick, 16 Cal.App.2d 676, 61 P.2d 338; Furuta v. Randall, 17 Cal.App.2d 384, 62 P.2d 157; Shimizu v. Kurtz, 43 Cal.App.2d 471, 111 P.2d 1; Annotation 21 A.L.R.2d 12.

In Kelly v. Troy Laundry, 46 Idaho 214, 267 P. 222, and in Bell v. Carlson, 75 Idaho 193, 270 P.2d 420, this court quoted with approval from George v. McManus, 27 Cal.App. 414, 150 P. 73, language substantially the same as the language used in the instruction given by the trial court except that the instruction uses the words "is evidence of negligence" while the George v. McManus case uses the words "is sufficient evidence of negligence." [27 Cal. App. 414, 150 P. 74] The court's instruction, while not technically correct, was given in reference to the lights required to be placed on the tractor and respondent Dye admitted in his pleadings his failure to have a red or yellow light or reflector on the rear of his tractor. Under the circumstances we do not consider the giving of the challenged instruction was reversible error.

■ The fifth assignment of error by appellant is that the court erred in giving its Instruction No. 23 on unavoidable accident. Appellant does not complain that the court's instruction on unavoidable accident is not a correct statement as an

abstract proposition of law. Appellant takes the position that an instruction on unavoidable accident was improper in this case because the accident resulted from the known actions of known persons and things. It is not error for the trial court to instruct on the law of unavoidable accident where there is any evidence tending to support such theory such as the uncertain weather conditions prevalent at the time of the accident as pointed out in the given instruction. 38 Am.Jur., Negligence, pages 1090–1091, sec. 370; Wilkerson v. Brown, Cal.App., 190 P.2d 958; Temple v. De Mirjian, 51 Cal.App.2d 559, 125 P.2d 544; Smith v. Harger, 84 Cal.App.2d 361, 191 P.2d 25.

The California courts seem to go further and appear to hold that the defense of unavoidable accident need not be specifically pleaded in an automobile accident case but is raised by a general denial of negligence; and that the giving of an instruction on unavoidable accident is justified in an action for damages resulting from intersectional collision of automobiles by evidence which imposes on the jury the duty to decide which, if either, of the drivers failed to use due care. The case of Parker v. Womack, 37 Cal.2d 116, 230 P.2d 823, contains an extended discussion and collection of California cases on the subject.

By his sixth and last assignment of error, appellant complains of the court's instructions on contributory negligence and assumption of risk. Such issues were raised by the answer of respondent Dye and there is sufficient evidence in the record to justify the giving of such instructions to the jury. Bennett v. Deaton, 57 Idaho 752, 68 P.2d 895; Curtis v. Curtis, 58 Idaho 76, 70 P.2d 369; Ford v. Connell, 69 Idaho 183, 204 P.2d 1019. Appellant, by his Requested Instruction No. 2, requested an instruction on the care a passenger in an automobile is required to exercise. Appellant says the instruction on assumption of risk is no doubt correct as far as it goes, but omits certain very pertinent limitations on the general statement given by the court. No instructions covering such limitations were requested. The trial court did not commit reversible error in giving the questioned instructions.

The motion to dismiss the appeal made by respondent Purdum is denied. The judgment of dismissal entered in favor of respondent Purdum is affirmed. The judgment for respondent Dye entered upon the verdict of the jury in his favor is affirmed. Costs to respondents.

TAYLOR, C. J., and KEETON, ANDERSON and SMITH, JJ., concur.