291 P.2d 856

Joseph ROSEVEAR, Plaintiff-Appellant,

v.

Frederick J. REES, Defendant-Respondent.

No. 8211.

Supreme Court of Idaho.

Dec. 13, 1955.

Rehearing Denied Jan. 9, 1956.

Budge & Clemons, Robert W. Green, Boise, for appellant.

Elam & Burke, C. Ben Martin, Boise, for respondent.

**PORTER, Justice.**

Broadway Avenue is a through street running north and south in the City of Boise. It is protected by stop signs at street intersections. It is intersected at right angles by Rossi Street and Beacon Street. The block between Rossi Street on the south and Beacon Street on the north is the location in question in this action. Broadway Avenue in this block is 70 feet wide. Down the middle the street has a strip of hard surface 30 feet wide and on each side of such hard surface is a strip of gravel 20 feet wide. On the east side of the street in this block is a service station and on the west side there are retail stores, including a super market and a drug center, constituting a business district.

On September 25, 1953, at about 9:00 o'clock p. m., appellant was driving his automobile in a northerly direction on Broadway Avenue. He parked his car on the east side of the street approximately in the middle of the block in question and directly across the street from the drug center. According to his testimony he crossed the street to the drug center where he purchased a package of cigarettes and then started back across the street approximately in the middle of the block toward his parked car; and just as he had stepped off the hard surface onto the gravel he was struck by an automobile being driven in a northerly direction. Appellant was severely and permanently injured. It is admitted that respondent was the driver of the automobile which struck appellant. At the time of the collision the street was well lighted. It was dark but the night was clear and there were no obstructions in the street. There were crosswalks marked out across Broadway Avenue at Rossi and Beacon Streets but there was no pedestrian crossing or crosswalk in the middle of the block where appellant crossed the street.

Appellant testified:

"Q. Now then when you had just about reached your automobile, what happened, Mr. Rosevear? A. I was struck by an automobile which was moving north, in a northward direction.

"Q. Now prior to your crossing the street, going to your automobile, did you look either to your right or to your left? A. Yes, sir.

"Q. And which way did you look first? A. When I stepped down from

the curb on the west side of the street I glanced first toward the left, which would be watching the traffic driving south, and I satisfied myself that it was safe to cross there.

"Q. Did you see any traffic coming from the south? A. None close, no, sir.

"Q. Did you look in the other direction to your right? A. Yes, sir.

"Q. And did you observe any coming? A. No, sir, I didn't, none at all.

"Q. Did you see the headlights on any automobile within two blocks to the south? A. No, I didn't.

"Q. You proceeded across the street and at any time while crossing the street did you see any headlights from any automobile proceeding north? A. No.

\*　　\*　　\*　　\*　　\*　　\*

"Q. When did you first see this automobile that struck you? A. It was very close to me.

"Q. How close, would you say? A. Oh, just a matter of feet, a few feet."

Appellant brought this action to recover damages for his injuries. By his complaint he alleged that respondent was negligent in that he failed to keep a proper lookout; was driving without his headlights being turned on; and was driving at a speed in excess of 30 miles per hour. Respondent, by his answer, alleged that appellant was guilty of contributory negligence in that he crossed the street in the middle of the block and that he failed to keep a proper lookout for and to yield the right-of-way to oncoming traffic. At the close of the evidence produced at the trial a motion was made by respondent for a directed verdict. The motion was granted, a directed verdict was rendered by the jury and a judgment for respondent entered thereon. Appellant has appealed from such judgment.

By his assignments of error, appellant mainly challenges the granting of the motion for a directed verdict. Appellant contends that the question of the negligence of respondent and the question of contributory negligence on the part of appellant were questions which should have been submitted to the jury under the evidence.

The question raised in the case as to whether the speed limit on Broadway at the place in question was 15 miles per hour through a business district, or 30 miles per hour on a through and arterial street is unnecessary for decision herein because the evidence on behalf of appellant, although contradicted by the evidence on behalf of respondent, was that respondent was traveling in excess of 30 miles per hour. The evidence on behalf of appellant that respondent was driving without his headlights being turned on is not persuasive. However, as we view this case the question of whether or not respondent was negligent is not the controlling factor. If it

be conceded that the question of the negligence of respondent was a jury question, there still remains the question of whether the evidence of contributory negligence was such that the trial court was justified in granting the motion for a directed verdict.

We recognize that where the evidence is such that reasonable minds might differ as to the facts, or where reasonable minds might draw different conclusions from the facts, the questions of negligence, contributory negligence and proximate cause are for the jury. However, where there is no other reasonable interpretation of the evidence except that plaintiff was guilty of negligence which proximately caused or contributed to his injury, then the question of contributory negligence becomes one of law for the court. Bennett v. Deaton, 57 Idaho 752, 68 P.2d 895; Adkins v. Zalasky, 59 Idaho 292, 81 P.2d 1090; Ford v. Connell, 69 Idaho 183, 204 P.2d 1019; McKee v. Chase, 73 Idaho 491, 253 P.2d 787.

Section 49–520, subdivision c, I.C., provides as follows:

"c. The driver of any vehicle upon a highway within a business or residence district shall yield the right of way to a pedestrian crossing such highway within any clearly marked crosswalk or any regular pedestrian crossing included in the prolongation of the lateral boundary lines of the adjacent sidewalk at the end of a block, except at intersections where the movement of traffic is being regulated by traffic officers or traffic direction devices. Every pedestrian crossing a highway within a business or residence district at any point other than a pedestrian crossing, crosswalk or intersection shall yield the right of way to vehicle upon the highway."

It was admitted that Section 18 of Ordinance No. 1856 of the City of Boise reads as follows: "No pedestrian shall cross any street except upon the crosswalk thereof." The validity of such ordinance was not challenged.

It is admitted by appellant that he was crossing the street in the middle of the block and at a place where there was no pedestrian crossing or crosswalk in violation of the city ordinance. His action constituted negligence per se. Ineas v. Union Pac. R. Co., 72 Idaho 390, 241 P.2d 1178; Turner v. Purdom, 77 Idaho 130, 289 P.2d 608; Linde v. Emmick, 16 Cal.App.2d 676, 61 P.2d 338; Furuta v. Randall, 17 Cal.App.2d 384, 62 P.2d 157; Shimizu v. Kurtz, 43 Cal.App.2d 471, 111 P.2d 1.

The controlling question then is, did the negligence of appellant proximately cause or contribute to his injury? In Senkirik v. Royce, 192 Or. 583, 235 P.2d 886, the court considered the question of contributory negligence of a pedestrian plaintiff under a yield the right-of-way statute similar to ours and an ordinance of the City of Portland prohibiting the crossing of a street

except at an intersection or on a crosswalk. The court, 235 P.2d on page 894, said:

"In the instant case defendants seriously contended that plaintiff at the time of and immediately preceding the accident was walking (or had stopped) near the center of Northeast Williams avenue at a point several feet south of the unmarked crosswalk. If that is the fact, then plaintiff was guilty of a violation of the ordinance in question. *Such a violation constitutes negligence per se.* If such negligence on the part of plaintiff contributed proximately to the happening of the accident, even though slightly, it would bar his recovery." (Emphasis supplied.)

In Howard v. Thompson-White Lumber Co., Tex.Civ.App., 266 S.W.2d 242, the Texas Court considered the question of contributory negligence of pedestrian under a yield the right-of-way statute and a city ordinance forbidding the crossing of streets except at intersections or on crosswalks. The Texas Court held that the pedestrian was guilty of contributory negligence as a matter of law.

Under yield the right-of-way statutes but without the presence of prohibitory city ordinances, some courts appear to have held that the crossing of a street at a place other than an intersection or crosswalk, constituted contributory negligence as a matter of law. Cox v. Thompson, Utah, 254 P.2d 1047; Lang v. Rogney, 201 F.2d 88. In Smith v. Bennett, 1 Utah 2d 224, 265 P.2d 401, at page 404, the court said:

"Plaintiff's failure to see and yield the right of way to defendant's automobile only a few feet away in a position of immediate danger constitutes contributory negligence which caused her injuries. Sant v. Miller, 115 Utah 559, 206 P.2d 719; Mingus v. Olsson, supra [114 Utah 505, 201 P.2d 495]; Reid v. Owens, 98 Utah 50, 93 P.2d 680, 126 A.L.R. 55."

In some cases the courts have held that under yield the right-of-way statutes a plaintiff violating the same was not conclusively barred from recovery where the facts were such that different conclusions might be reasonably drawn on the questions of whether the plaintiff was negligent and whether his negligence proximately caused or contributed to his injury. See Casalegno v. Leonard, 40 Cal.App.2d 575, 105 P.2d 125; Shipway v. Monise, Cal.App., 139 P.2d 60; Martin v. Harrison, Or., 186 P.2d 534; Jacoby v. Johnson, Cal.App., 190 P.2d 243.

In the case at bar the negligence of appellant is not an open question as his actions constituted negligence per se. As to the proximate cause of the accident, there is no evidence to invoke the doctrine of last clear chance or to indicate that the accident would have occurred regardless of whether appellant was on a crosswalk or in the middle of the block. There can be no other reasonable interpretation of the evi-

dence than that the negligence of appellant proximately caused or contributed to his injury. Hill v. Wilson, 124 Cal.App.2d 472, 268 P.2d 748.

The other questions raised by the assignments of error concern the matter of negligence on the part of respondent and are not material under the theory upon which this case is decided. The trial court did not err in granting the motion for a directed verdict and in entering judgment upon such verdict. Judgment affirmed. Costs to respondent.

TAYLOR, C. J., and KEETON, ANDERSON and SMITH, JJ., concur.