No. 38,278

Mrs. Sherman W. (Bonnie) Reed, Jr., *Appellee*, v. Richard L. Mai, *Appellant*.

(231 P. 2d 227)

Opinion filed
May 12, 1951.

*Jerry E. Driscoll,* of Russell, argued the cause, and *Richard M. Driscoll,* of Russell, was with him on the briefs for the appellant.

*L. M. Cornish, Jr.,* of Topeka, argued the cause, and *Ralph F. Glenn,* of Topeka, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action to recover damages for wrongful death, alleged to have been caused by the negligence of two defendants, in a three way automobile accident. The appeal is by one of the defendants from an order of the trial court overruling his demurrer to the plaintiff's petition.

The defendants in the action are Harold D. Plackett and Richard L. Mai. We are told, and it is not denied, that Plackett's demurrer to the petition on the ground it failed to state a cause of action, based on his negligence, was overruled by the trial court and that he took no appeal from that ruling. Therefore, in this opinion we shall treat the petition as stating a cause of action against him. Even so in order to have a proper understanding of the issues involved on Mai's appeal it will be necessary to relate certain allegations of the petition pertaining to Plackett.

In substance, with respect to the matters having equal application to all parties to the action, preliminary allegations of the petition are as follows:

Plaintiff is the widow of Sherman W. Reed, Jr., who died on December 3, 1949, at the age of 46 years. Early in the evening on that date decedent was driving his automobile in a westerly direction on U. S. Highway No. 24, in a careful and prudent manner at a rate of speed of forty miles per hour, near what is known as "Big Muddy Creek Bridge." As he approached such bridge, defendant Plackett, who was also driving an automobile upon such highway in an easterly direction, carelessly and negligently drove his automobile down the center of such highway from the west at a high rate of speed, in excess of more than fifty miles per hour, and proceeded in that manner onto and across such bridge, with lights brightly burning, directly toward the automobile driven by the

decedent Reed. The acts of such defendant placed Reed in a position of sudden danger and peril as he was about to enter upon the bridge with the result that in an effort to avoid being struck by Plackett's automobile he pulled his automobile to the right and attempted to stop as he was entering onto the bridge but was unable to do so before he struck the east abutment of such bridge. As he did so his automobile was struck on the left rear side by Plackett's automobile with such force that it was knocked or swung around and back down the highway about thirty-seven and one-half feet in an easterly direction. The force of this collision caused Reed to be thrown from his automobile onto the pavement on U. S. Highway No. 24 injuring him and causing him to lie on such pavement in an unconscious and prostrate condition.

So far as particular acts of negligence relied on by plaintiff as grounds for recovery against the defendant Mai are concerned the petition reads as follows:

"At the same time said defendant Richard L. Mai, was driving his 1949 Plymouth Club Coupé carelessly and negligently in an easterly direction on said U. S. Highway No. 24 at a distance of approximately 200 feet behind the automobile of said defendant, Harold D. Plackett, and at a high rate of speed of more than 50 miles per hour, which was greater than was reasonable and proper under the circumstances, while approaching said bridge at night with other traffic thereon. Said defendant, Richard L. Mai, saw the body of said Sherman W. Reed, Jr., lying on the pavement as aforesaid, and, without turning his said automobile either to the right or left of said body, although there was ample time and space to do so, said defendant, Richard L. Mai, carelessly and negligently drove his said automobile directly over the body of the said Sherman W. Reed, Jr., when he could have avoided the same, thereby causing further and additional injuries to the said Sherman W. Reed, Jr., the exact nature of which are not known at this time to this plaintiff, and therefore cannot be set forth in detail herein. Plaintiff is informed and therefore alleges the fact to be that said defendant, Richard L. Mai, had other passengers with him at the time, and that he was talking and laughing with his passengers, and was not closely watching his said automobile or the highway upon which he was driving."

Following the foregoing allegations the petition goes on to state that Reed received a broken neck and a fractured skull, in addition to other injuries in the collision, all of which contributed to and caused his death shortly thereafter. It then states:

"The negligence of said defendant, Harold D. Plackett, in carelessly and negligently driving his said automobile down the center of said highway and onto said bridge with his bright lights burning, and directly toward the automobile of the said Sherman W. Reed, Jr., and at a greater rate of speed than

was reasonable and proper under the circumstances, and the negligence of said defendant, Richard L. Mai, in carelessly and negligently driving his said automobile along said highway at a rate of speed greater than was reasonable and proper under the circumstances, and in failing to turn either to the right or to the left of said Sherman W. Reed, Jr., in order to miss the said Sherman W. Reed, Jr., while he was lying on the pavement as aforesaid, were joint and concurrent and were the proximate causes of the injuries to the said Sherman W. Reed, Jr., which resulted in his death."

Concluding allegations of the petition, with which we are not concerned on a review of the ruling on the demurrer, include averments respecting Reed's family status and a prayer for damages in the maximum amount permitted by our statute, G. S. 1949, 60-3203, in cases where the death of one person is caused by the wrongful act or omission of another.

Motions by the appealing defendant to make the foregoing petition more definite and certain and to strike certain allegations therefrom, portions of which will be presently referred to in more detail, were overruled by the trial court in their entirety. Thereupon, defendant demurred to the petition on grounds, among others not here material, that it failed to state facts sufficient to constitute a cause of action and disclosed a misjoinder of causes of action. When this demurrer was overruled defendant Mai, hereinafter referred to as appellant, perfected the instant appeal.

In his specifications of error the appellant contends the district court erred: (1) In overruling his motion to require appellee to make her petition more specific, definite and certain; (2) in overruling his motion to strike; and (3) in overruling his demurrer to the petition.

We shall first consider errors assigned with respect to rulings on the motions. As we do so we are met at the outset by an objection on the part of appellee that such rulings are not subject to appellate review. The rule in this jurisdiction, as appellant frankly concedes, is that rulings on motions to strike and to make definite and certain are not appealable unless they affect a substantial right and in effect determine the action (*Billups v. American Surety Co.*, 170 Kan. 666, 671, 228 P. 2d 731, and cases there cited.).

The first claims advanced by appellant on this subject have to do with the motion to strike. It is urged that allegations in the petition to the effect the decedent's car was being driven by him "in a careful and prudent manner on the north of right hand side of said highway . . . which was reasonable and proper under

the circumstances.", is nothing more than a conclusion on the part of the pleader and that such allegations are argumentative, redundant and surplusage, and should have been ordered stricken from the petition. We doubt these allegations warrant that construction but even so it cannot be said they afford sound ground for holding appellant was prejudiced by the fact they were left in the petition. Next it is argued the allegations "plaintiff is informed and therefore alleges the fact to be that said defendant, Richard L. Mai, had other passengers with him at the time, and that he was talking and laughing with his passengers, and was not closely watching his said automobile or the highway upon which he was driving.", should have been stricken from the petition on his motion, because based upon speculation, hearsay and guess, and not alleged as an act of negligence on the part of the appellant. We are far from convinced, indeed there is ample authority to the contrary (See 41 Am. Jur., Pleading, 316 § 40, and authorities there cited) it is improper to allege the existence of a fact on information and belief and it is certain, that if proved, those set forth in the challenged allegation would have a bearing on whether appellant was driving his car at a greater rate of speed than was reasonable and proper, one of the specific acts of negligence relied on for recovery. In any event it cannot be said the overruling of this portion of the motion resulted in depriving appellant of a substantial right.

Appellant's contention regarding the ruling on his motion to make the petition more definite and certain is general, not specific, in nature, and in presenting it he does not direct our attention to any particular allegation of the petition challenged by the motion. Ordinarily, this would not be enough to enable us to pass upon the merits of his claim with respect thereto. However, it does appear from his brief the gist of his position is that if the petition charges him with anything it attempts to charge him with negligence under the doctrine of last clear chance. For that reason we are inclined to give it attention. We do not believe the petition is subject to the construction appellant places upon it. As we read it appellee bases her cause of action upon alleged negligence of appellant which was so closely related and interwoven in point of time with the initial collision as to render him jointly liable with Plackett under pertinent and well established principles of the so-called doctrine of concurrent negligence. Moreover, in her brief, appellee concedes she did not attempt to plead and is not basing her right of recovery against

appellant under the last clear chance doctrine. In such a situation it cannot be successfully urged the trial court erred in overruling a motion founded on the theory it should make her petition more definite and certain with respect to matters relating to such doctrine.

After careful examination of all rulings on the motions, to which we have heretofore referred, we fail to find any one of them had the effect of determining the action. The result is that appellee's position such rulings are not appealable must be upheld.

Turning to contentions advanced with respect to the trial court's ruling on the demurrer we are constrained to hold there is little merit in appellant's claim the petition fails to state a cause of action against him for negligence. Such pleading expressly alleges that while approaching the bridge at night, approximately 200 feet behind Plackett's automobile, at a rate of speed which was greater than was reasonable and proper under the existing circumstances appellant saw the body of Reed lying on the pavement and without turning his automobile either to the right or left, although there was ample time and space to do so, drove his automobile directly over Reed's body when he could have avoided the same, thereby causing that individual further and additional injuries. For present purposes we must consider such allegations and others to be found in the petition of a similar nature to be true. Standing alone, and without regard to the conditions and circumstances under which Reed's body happened to be lying on the pavement, those allegations, when accepted as true, were sufficient to warrant the trial court in concluding the petition stated a cause of action against the appellant founded on negligence.

We now give attention to appellant's claim his demurrer should have been sustained upon the ground the petition discloses a misjoinder of causes of action.

The established law of this state is that concurrent negligent acts of two or more parties render them liable as joint tortfeasors (*Acock v. Kansas City Power & Light Co.,* 135 Kan. 389, 10 P. 2d 877; *Tilden v. Ash,* 145 Kan. 909, 67 P. 2d 614; *Gibson v. Bodley,* 156 Kan. 338, 133 P. 2d 112; *Rowell v. City of Wichita,* 162 Kan. 294 176 P. 2d 590 and *Taggart v. Yellow Cab Co. of Wichita,* 156 Kan. 88 131 P. 2d 924).

The burden of appellant's contention on this point is, that under allegations of the petition, the proximate cause of any injuries Reed may have sustained by reason of appellant's car passing over him was the alleged negligence of Plackett, and since that individual's

negligence was separate, distinct, and unrelated, appellant's negligence, if any, was at best only a remote cause of the collision and injuries sustained by Reed and, therefore, appellant is not liable under appellee's theory his negligence and that of Plackett's were concurrent.

Broadly stated, the rule in this jurisdiction, and the one supported by the great weight of authorities in other jurisdictions, is that where a third person sustains indivisible injuries in a motor vehicle collision as a result of negligence on the part of the drivers of two other motor vehicles which is so related and interwoven in point of time that it appears the injuries would not have been received by the third person except for the successive and combined negligence of the others, those whose acts so united in producing the injuries will be held jointly and severally liable to the injured party and may be sued severally or jointly at his election. This, we may add, is the rule not only where the tortfeasors are acting together, or where there is a common design or purpose, or concert of action, or a breach of common duty owing by them, but also where their acts of negligence are separate and independent so long as they are so closely related and interwoven in point of time as to directly contribute to the cause of the accident. For well recognized legal treatises and cited decisions supporting the foregoing rule see 38 Am. Jur., Negligence, 946 § 257, also 65 C. J. S., Negligence, 639, 674, 685, §§ 102, 110(a) (b), 111(a) (b).

In *Tilden v. Ash*, 145 Kan. 909, 67 P. 2d 614, we held:

"Substantially concurrent negligent acts of two or more persons render all liable as joint tortfeasors where the act or acts of each contribute to the injury. In such circumstances the degree of culpability of each is immaterial and each is liable for the entire damage." (Syl ¶ 2).

*Taggart v. Yellow Cab Co. of Wichita*, 156 Kan. 88, 131 P. 2d 924, holds:

"Where concurrent negligent acts of joint tortfeasors contribute to bring about injury to an innocent third party, the degree of their culpability is immaterial.

"Where injury to an innocent party would not have occurred, except for the concurrent negligence of others, the subject of proximate cause need not be considered; those whose acts united in producing the injury will be held jointly and severally liable to the injured party." (Syl. ¶¶ 5, 6).

In *Rowell v. City of Wichita*, 162 Kan. 294, 176 P. 2d 590, we held:

"A cause is concurrent if it was a cause which was operative at the moment of injury and acted contemporaneously with another cause to produce an injury

and was an efficient cause in the sense that without it the injury would not have occurred." (Syl. ¶ 11.)

However, it so happens that the contention now under consideration and advanced in the instant case need not be decided entirely upon application of its facts to general principles of law but can be determined upon the basis of a decision of this court in which the factual situation involved and the principles of law relied on were so nearly identical that it is hardly possible to distinguish the two cases.

*Gibson v. Bodley,* 156 Kan. 338, 133 P. 2d 112, was a case where a petition contained similar allegations and the appellant, whose demurrer on grounds of misjoinder of causes of action had been overruled by the trial court, made the very same contentions that the appellant is making here. In that case, after disposing of each and all of such contentions in a thorough and well reasoned opinion, we held:

"Where a person while driving his automobile on his own and proper north side of a highway is struck by an automobile traveling in the oppisite direction and plaintiff's car is thrown partly across the highway and the other car is thrown onto the south side of the highway, and while plaintiff's car is in such position but before plaintiff is able to remove himself therefrom, and without the occurrence of any new and independent force or intervening efficient cause to break the connection between the original wrong and injury, plaintiff's car is struck by a second automobile, so that both negligent acts concurred to produce the final and complete result, it does not constitute misjoinder of causes of action for plaintiff to proceed against both tortfeasors in the same action." (Syl ¶ 4).

We are perfectly aware that appellee may have difficulty in establishing the facts set forth in her petition, heretofore quoted, and for that reason not here repeated. Be that as it may, we are convinced that under the authorities, to which we have heretofore referred, the allegations of that pleading state a cause of action against the appellant founded on concurrent negligence, and hence such pleading discloses no misjoinder of causes of action against appellant and his codefendant.

It follows the order of the trial court in overruling the demurrer to the petition must be and is affirmed.