381 P.2d 45

Phillip A. MORFORD, Plaintiff-Appellant,

v.

Selma BROWN, Joan N. Brown, Roger Smith and Thelma Smith, husband and wife, and Darlene Gorostiza, Defendants-Respondents.

No. 9100.

Supreme Court of Idaho.

April 18, 1963.

R. M. Whittier, Isaac McDougall, Pocatello, for appellant.

Elam & Burke, Boise, for respondents Selma Brown and Joan N. Brown.

Richards, Haga & Eberle, Boise, for respondents Roger Smith and Thelma Smith, and Darlene Gorostiza.

SMITH, Justice.

This is a tort action whereby appellant seeks damage on account of his personal injuries sustained in an automobile collision. Appellant, in his complaint, alleged respondents' joint, concurrent and consecutive acts of negligence, as causative of the collision, injuries and damage.

Respondents Selma Brown, and Joan N. Brown (sometimes in the record referred to as Sloper), in their amended answer, denied the allegations of negligence and alleged the affirmative defenses of appellant's contributory negligence, and unavoidability of the accident. While the trial court's pretrial order is not included in the transcript of the record, argument of both counsel for appellant and counsel for Selma Brown and Joan N. Brown show that the trial court permitted an amendment to the Brown answer to the effect that Selma Brown set up the affirmative defense

of sudden emergency; whereas Browns' counsel contends that a typographical error occurred "in naming Selma Brown instead of Joan N. Brown," and the trial proceeded upon the theory, among others, of Joan N. Brown having been confronted by a sudden emergency.

Respondents Roger Smith and Thelma Smith, husband and wife, and Darlene Gorostiza denied the allegations of negligence on their part as causative of the automobile accident, and appellant's injury and damage, and alleged the affirmative defense of appellant's contributory negligence.

The jury found no negligence on the part of either appellant or respondents, and denied recovery to appellant. Appellant has appealed from the judgment in favor of respondents, and from an order denying a new trial.

The collision occurred about 8:00 o'clock p. m., the evening of November 12, 1960, west of, and adjacent to the city limits of Boise, Idaho, on Fairview Bridge, on U. S. Highway 30,—a four lane highway,—which, at this point, extends in an easterly-westerly direction. The roadbed was wet from rain which had been falling for some time prior to the occurrence of the accident.

The four lanes of this highway are situate, two lanes on either side of a double white line which separates eastbound from westbound traffic. The two traffic lanes, bordering either side of the center double line, are referred to as the inside lanes, one eastbound and the other westbound; the remaining two traffic lanes are referred to as the outside lanes, likewise one eastbound and one westbound.

Appellant is an officer of the Idaho State Police. At the time and place of the collision he was driving a state police vehicle. Respondent Joan N. Brown, at the time and place, was driving an automobile owned by her mother, respondent Selma Brown. The evidence is in dispute as to whether respondent Darlene Gorostiza, at such time and place, was driving an automobile which was owned by respondents Roger Smith and Thelma Smith, husband and wife.

Appellant at the time of the accident was driving the state police automobile westerly on the inside traffic lane on Fairview Bridge. Respondent Joan N. Brown, at that time, was driving easterly on the inside traffic lane on the bridge. At that time an automobile was traveling easterly on the outside eastbound traffic lane a short distance ahead of Joan N. Brown. Darlene Gorostiza, allegedly driving a vehicle easterly on the outside eastbound traffic lane, suddenly and without any turn signal by the driver, entered the inside easterly lane, in front of the automobile driven by Joan N. Brown. Appellant contends that Joan N. Brown then negligently drove her vehicle northeasterly across the

double white center line of the highway into the westerly path of appellant's oncoming automobile which resulted in the collision, causative of appellant's injuries. No other vehicle was involved in the collision.

The evidence is conflicting as to whether it was the automobile driven by Darlene Gorostiza which traveled from the eastbound outside traffic lane into the eastbound inside lane, in front of the automobile driven by Joan N. Brown.

The record shows that a car had stalled in the eastbound outside traffic lane, some distance easterly from the place of the collision.

At the close of the evidence, the trial court submitted the case to the jury upon special interrogatories, which, together with the answers thereto, are as follows:

"We, the jury in the above entitled action, find in the above entitled action in answer to questions submitted to us by the Court, herewith present our findings, being our conclusions of fact from the evidence, respectively as to the issues presented to us by said questions.

"Question 1(a). Was the defendant Joan N. [Brown] Sloper negligent? No.

"(b). If you answered 1(a) 'Yes', was that negligence a proximate cause of the accident, and any injury to plaintiff? No.

"Questions 2(a). Was the defendant Darlene Gorostiza negligent? No.

"(b) If you answered 2(a) 'Yes', was that negligence a proximate cause of the accident and any injury to plaintiff? No.

"Question 3. Was defendant Darlene Gorostiza the agent of defendants Roger Smith and Thelma Smith at the time of the accident in question? Yes

"Question 4(a) Was the plaintiff Phillip A. Morford negligent? No.

"(b) If you answer 4(a) 'Yes', was that negligence a proximate cause of the accident and any injury to plaintiff? No.

"Question 5. If you answered questions 4(a) or (b) in the negative, and you answered either question 1 or 2, or both of them, in the affirmative as to both subsections thereof, then you will state the amount of damages suffered by the plaintiff resulting from the injury referred to in questions 1 and 2, in which sum you will include all of the elements of damage which are shown by the evidence, proximately resulting from such injury and which may be considered by you under the Court's instructions. $ None"

Appellant assigns error of the trial court in instructing the jury as regards contributory negligence on appellant's part,

contending that the evidence is insufficient to show that he was contributorily negligent. Such assignment is without merit inasmuch as the jury found, in answer to a special interrogatory, that appellant was not negligent. Any error in the proceedings which does not affect the substantial rights of the parties cannot be made the basis of reversal. I.R.C.P., Rule 61; Hartley v. Bohrer, 52 Idaho 72, 11 P.2d 616, Anno. 107 A.L.R. 487; Boise Street Car Co. v. Van Avery, 61 Idaho 502, 103 P.2d 1107; Hooton v. City of Burley, 70 Idaho 369, 219 P.2d 651; Lallatin v. Terry, 81 Idaho 238, 340 P.2d 112.

Appellant contends that the trial court erred in instructing the jury upon "the doctrine of sudden emergency or unavoidable accident" for the reasons: (1) such doctrines were inapplicable because there was no proof submitted that the sudden emergency or unavoidable accident was not of Joan N. Brown's own making and that she was free from any wrongdoing in creating this emergency; (2) the doctrines of unavoidable accident and sudden emergency were not raised by the pleading, nor was there proof supporting the instructions; (3) nowhere in the record does it appear that the court instructed that, in order to apply either the sudden emergency doctrine or the unavoidable accident doctrine, the jury had first to find that the sudden emergency and unavoidable accident was not of Joan N. Brown's own making and that she was free from any wrongdoing in creating this emergency; (4) the trial court erred in permitting respondent Selma Brown to amend her answer setting up the affirmative defense of sudden emergency since there was no allegation or proof that she was the driver of any vehicle.

Appellant contends that the affirmative defense of sudden emergency permitted on behalf of Selma Brown at the pretrial conference "caused confusion in the minds of the jury as to the proper application of the doctrine of sudden emergency." Appellant urges lack of adequate bases for such defense, both as to the pleadings inasmuch as Selma Brown was not driving the car at the time of the accident, hence the doctrine could not apply to her; and as to the evidence, urging that it is insufficient to support jury instructions relating to such doctrine.

Whether a typographical error occurred, as Browns' counsel contends, in naming Selma Brown, in whose behalf such affirmative defense was permitted, instead of Joan N. Brown, we deem to be immaterial, inasmuch as the trial proceeded upon theories which included that of sudden emergency as a defense. There was neither allegation nor proof that Selma Brown was the driver of the Brown vehicle at the time of the collision. Admittedly Selma was the owner of the car and her daughter, Joan, was its driver at the scene of the accident, and the trial court so instructed the jury; and in-

structed additionally, that Selma, as owner, is liable to plaintiff (appellant) if Joan is liable to him. Under such circumstances we cannot assume that the jury was confused because of the permitted amendment of the Brown answer.

I.R.C.P. Rule 15(b) in part provides: "When issues not raised by the pleading are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Fed.R.Civ.P. 15(b) is identical.

We now approach the issue of sudden emergency. Appellant, by his own witness, one Hannaman, developed the initial evientiary aspects of sudden emergency. Mr. Hannaman testified that the weather was rainy the evening of November 12, 1960; that at the time of the automobile collision under consideration, it was sufficiently dark that headlights of automobiles had been turned on; that he was driving his automobile on Fairview Bridge, traveling easterly on the outside traffic lane; that he had rolled down his car window because of somewhat poor visibility occasioned by the rain, and was watching the traffic, including that coming from the rear, particularly since he desired to enter the inside easterly traffic lane; that he then saw an automobile behind him turn onto and enter the inner lane, ultimately passing his own car, and as that passing vehicle began entering the inner lane, a car, traveling easterly behind such passing vehicle, collided with another car proceeding westerly in the opposite lane. That collision is the one involved in the case at bar.

On cross-examination Mr. Hannaman, after testifying concerning the rainy weather and that his automobile window was down, testified to what he saw looking through the lowered window.

"Q. * * * You did see a car turn into that inner lane? A. Yes.

"Q. And * * * there was this collision and that's why you knew there was an accident then? A. Yes.

"Q. This happened immediately after some car pulled out into the inner lane? A. Yes, sir.

"Q. And you didn't see whatever car that was give any signals? A. No, sir.

"Q. Either by light or by hand? A. No.

"Q. And if that particular car that did turn out had a light signal, there is no question but that you would have seen that particular light signal?

"A. If it had been working, yes."

Appellant called Joan N. Brown as a witness for cross-examination "under the stat-

ute," I.C. § 9–1206. Her testimony thus adduced corroborated that of the witness Hannaman as shown by the following:

"Q. State what you saw and what you did leading up to the accident.

"A. * * * I stopped at the stop light and proceeded east and then I turned east and got to about the middle of the bridge and suddenly a car pulled out in front of me. I applied my brakes and skidded over the center line and an impact occurred.

"Q. And that was the impact you had with Mr. Morford's car? A. Yes."

She then testified that she was driving not over 30 miles per hour; that it was raining, the window wipers of the car were working, and her vision was not obstructed; that she was traveling in the easterly inside traffic lane; that an automobile about a car's length ahead of her pulled from the outside traffic lane into her traffic lane,— the inside lane. It was then she applied the brakes on the car she was driving to slow down and to prevent a collision with the car ahead; thereupon her own car skidded over the center line and that was when the accident occurred.

In Hasselbrink v. Speelman, (C.C. 6th), 246 F.2d 34, one of the plaintiffs while driving was confronted with an emergency whereupon he drove from his own lane of traffic in which he was driving into a traffic lane to his left, in order to avoid an oncoming car which had swerved into his lane. As he was entering into the left lane, defendant thereupon swerved back into his own lane. The trial court refused to give a requested jury instruction as to the degree of care required upon a sudden emergency. The court of appeals held that since the evidence supported plaintiffs' contention as to sudden emergency, the jury should have been instructed in regard to the sudden emergency doctrine. In that case, as here, the defendant also contended that the trial court did not need to charge the jury on an issue not raised by the pleadings. The court of appeals ruled that even though the issue of sudden emergency had not been pleaded by the plaintiffs, nevertheless since the issue in effect was tried by implied consent of the parties, it must be treated as if it had been raised in the pleadings. See also Sherrard v. Werline, 162 Or. 135, 91 P.2d 344.

Appellant complains of Jury Instruction No. 15, which reads:

"A person who, without negligence on his part, is suddenly and unexpectedly confronted with peril arising from either the actual presence or the appearance of imminent danger to himself or to others, is not expected or required to use the same judgment and

prudence that is required of him in the exercise of ordinary care in calmer and more deliberate moments. His duty is to exercise only the care that an ordinarily prudent person would exercise in the same situation.

"If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by any ordinarily prudent person under the same conditions, he does all the law requires of him, although in the light of afterevents, it should appear that a different course would have been better and safer."

Appellant does not contend that such instruction and others, relating to the doctrine of sudden emergency, do not contain a correct statement or definition of such doctrine; he takes the position, not only that the evidence shows that the accident occurred because of the tortious acts or conduct of Joan N. Brown, but that the evidence is insufficient to justify instructing the jury on the doctrine of sudden emergency.

We point out however that the evidence tends to support all the elements included within the purview of Instruction No. 15, particularly that adduced by appellant's witness, Hannaman, and by Joan N. Brown called by plaintiff for cross-examination under the statute.

It was within the province of the jury to determine whether Joan N. Brown acted with or without negligence when, as the testimony shows, an automobile, about a car's length ahead of her, without giving any warning or signal, suddenly turned into her traffic lane; also, to determine whether her choice and manner of action at the time and place constituted a choice and manner of action as might have been followed by an ordinarily prudent person in the same situation, i. e., whether she should have continued driving straight ahead thereby to collide with the car ahead; or whether she should have swerved or turned to the left across the center line without applying brakes; or whether in an effort, as she stated, "to slow down my speed and prevent from having a collision * * * with that car," she should have applied the brakes, as she did; and to determine whether under the circumstances shown, the skidding of her car over the center line and into appellant's vehicle came about by reason of sudden emergency, or because of her tortious conduct.

It was for the jury to determine whether under the circumstances Joan N. Brown was confronted with peril arising from the actual presence or the appearance of imminent danger to herself, by virtue whereof she would not be required to use the same judgment and prudence that is required in the exercise of ordinary care in calmer and more deliberate moments; also to determine

whether a perilous situation was created under the circumstances and if so, whether it was created or contributed to by Joan N. Brown, or otherwise.

In the ultimate analysis it was within the province of the jury to determine whether a sudden emergency arose and existed at the time of, or for a brief moment before, the collision; and to determine whether the choice and course of conduct which Joan N. Brown pursued by applying the brakes of the car, and under all of the circumstances then existing including the weather conditions, was that which an ordinarily prudent person would have followed under similar circumstances.

Appellant's assignments of error do not attempt to separate the doctrine of sudden emergency from that of unavoidable accident. Nor does his argument treat them essentially as separate topics. In this regard it should be noted that appellant does not complain of the court's instructions on unavoidable accident as not setting forth a correct statement of the abstract principle of law. The trial court, after instructing upon the various elements of negligence, then summed up the instructions, in language as follows (Instruction No. 17):

> "Negligence is never presumed, but must be proven, and it is possible, under the laws of this State, for an accident to occur without wrongful acts on the part of either plaintiff or defendant.

> "Such a collision comes under the heading of an unavoidable accident, and if you find that neither plaintiff nor the driver of any other car who is a party to this action was guilty of such wrongful conduct as would constitute negligence in this case, then I instruct you that the accident would be an unavoidable one for which no one would be responsible."

Again, it was for the jury to determine whether any act or conduct on the part of Joan N. Brown immediately prior to and at the time of the accident, under the circumstances then existing, constituted negligence on her part; or whether under such circumstances she acted as a reasonably prudent person would have acted. It was not error for the trial court to instruct both as to the law of sudden emergency and that of unavoidable accident, inasmuch as the evidence could be viewed so as to support such theories. 65 C.J.S. Negligence § 21, p. 430 (pertaining to doctrine of Unavoidable Accident); Turner v. Purdum, 77 Idaho 130, 289 P.2d 608; Lallatin v. Terry, 81 Idaho 238, 340 P.2d 112. Appellant's assignments in the premises are without merit.

Appellant complains of Jury Instruction No. 18 which sets forth I.C. § 49–701, relating to the driving of a motor vehicle on the highways, including prima facie lawful speed limits. Appellant again

491

refers to the pretrial order (which is not included in the record here) wherein, appellant states, it was ordered that there was no issue as to speed limits, and that the posted speed at the scene of the accident was 35 miles per hour. Appellant further complains of failure of the trial court to instruct the jury concerning such lawful speed limit of 35 miles per hour. Inasmuch as the evidence shows that appellant at the scene of the accident was not driving in excess of the 35-mile speed limit, neither that speed at which appellant was driving nor that of 30 miles per hour at which Joan N. Brown was driving were violative of the prima facie lawful speed limits set forth in Jury Instruction No. 18, nor violative of the allegedly posted speed limit of 35 miles per hour. Appellant's assignment of error in such regard is without merit.

■ Plaintiff asserts that the trial court erred in denying his offer of proof of mortality tables. In view of the jury's finding of no negligence on the part of any of the parties to this action, and denial of recovery to appellant in the premises, error, if such there was, "does not affect the substantial rights of the parties." I.R.C.P., Rule 61.

■ Appellant assigns error relating to the trial court's sustaining objection of Browns' counsel, to appellant's eliciting certain testimony of Joan N. Brown upon cross-examination under the statute, I.C.

§ 9–1206. The questions principally related to the traffic conditions existing at the time of the accident, and whether Joan N. Brown was in the vicinity of the accident. Evidence thus attempted to be adduced was introduced at other stages of the trial. The traffic conditions were fully explained, and admittedly Joan N. Brown was involved in the accident. Appellant fails to show abuse of the trial court in limiting such cross-examination. Grant v. Clarke, 78 Idaho 412, 305 P.2d 752.

■ Appellant assigns error of the trial court in denying admission of Plaintiff's Exhibit No. 24, a written statement by respondent Thelma Smith relating to the accident, elicited from her about a month and a half after the accident occurred. The trial court afforded appellant opportunity to cross-examine Thelma Smith concerning her statements in the Exhibit, which appellant contended were inconsistent with her present testimony and which would tend to impeach the witness. I.C. § 9–1210. Such assignment is without merit.

■ Appellant contends that an automobile owned by respondents Roger Smith and wife, driven by respondent Darlene Gorostiza, was the vehicle which Joan N. Brown sought to avoid and that the alleged negligent acts of Gorostiza in driving such vehicle, without warning, from the easterly outside lane of traffic onto the inside lane directly in front of the Brown car, at an

improper time and under unsafe circumstances, were contributing and concurring factors causative of the collision. The evidence is sufficient to support the reasonable inferences therefrom by the jury that the Smith car driven by Gorostiza was not involved in the accident as appellant contends. Witnesses identified an automobile, entirely different in make and appearance from the Smith vehicle, the movements of which were the same as those ascribed to the Smith car and its driver. The evidence is sufficient to show that Gorostiza drove onto the inside traffic lane at a time when there were no cars to the rear in that lane; that she continued across the bridge and had traveled some distance from the scene of the collision when it occurred. There is no merit in such contention of appellant and his assignments in the premises.

The views hereinbefore expressed dispose of appellant's assignment as not meritorious, that the trial court erred in refusing to grant a new trial.

We have considered appellant's remaining assignments of error. They do not require specific discussion inasmuch as we deem them to be disposed of by the views expressed herein.

We are of the view that the verdict of the jury is supported by substantial and competent evidence; therefore the judgment based thereon will not be set aside. I.C. § 13–219; Chapman v. Booth, 71 Idaho 359, 232 P.2d 668; Zenier v. Spokane International Railroad Co., 78 Idaho 196, 300 P. 2d 494; Jones v. Idaho Lumber, Inc., 81 Idaho 460, 346 P.2d 1057.

The judgment is affirmed. Costs to respondents.

KNUDSON, C. J., and McQUADE, McFADDEN and TAYLOR, JJ., concur.