390 P.2d 422

Kenneth HACKWORTH, as administrator of the Estate of Vera Weltz, deceased, Plaintiff-Appellant,

v.

Laurence DAVIS, Defendant-Respondent.

No. 9054.

Supreme Court of Idaho.

Feb. 28, 1964.

Rehearing Denied April 1, 1964.

Stephen Bistline and Bandelin & Cogswell, Sandpoint, for appellant.

Brown & Peacock, Kellogg, for respondent.

McFADDEN, Justice.

The facts disclosed by the record are virtually without dispute. On December 4, 1959, Vera Weltz, a minor, lost her life in an automobile accident a short distance outside Sandpoint, Idaho, on U. S. Highway No. 95. She was riding in the front seat of a sedan owned and operated by Mr. George Cussen, a teacher from Noxon, Montana, seated between Mr. Cussen and Robert Cluzen. Mr. Cussen was driving four high school students from Noxon to Spokane, Washington. Occupants of the back seat were Judy Groff annd Laraine Bailey.

After going through Sandpoint at about 8:30 A.M., on the morning of the accident, the Cussen car approached and overtook an empty logging truck, travelling in the same southerly direction, owned and operated by Laurence Davis, defendant and respondent herein. The Cussen car began following respondent Davis's truck which had slowed down to about 15 to 20 miles an hour to make a sharp turn on the highway. The Cussen car followed the truck around this turn, onto a straight stretch, and as the truck approached the next curve, Cussen commenced to pass the truck, and passed at about 25 to 30 miles an hour. The highways were icy and slick. After passing the Davis truck, Mr. Cussen drove back into the southbound lane of traffic, and proceeded southerly about a quarter of a mile to the point of the tragic accident.

Respondent Davis was driving his truck four or five car lengths behind the Cussen car, both were travelling about 25 to 30 miles an hour; Cussen and Davis in their respective vehicles observed a line of about four cars coming from the opposite direction at about the same rate of speed. Mr. Cussen testified that a car driven by Elizabeth S. Stanfield, the last car in the line, got out of control about 100 feet from him and skidded across the road into the path of his car, and these two cars collided practically head on. Almost immediately after being struck by the Stanfield car, the Cussen car was struck in the rear by the Davis truck. The front tires of the Stanfield car were observed to be worn smooth. When Cussen saw the Stanfield car go out of control he tapped his brakes gently to avoid skidding; respondent Davis stated he started tapping or "feathering" his brakes to maintain control. He could not turn to the left because of the other cars in the opposite lane, nor could he turn to the right, for on that side there was a guard rail.

After the accident, decedent Vera Weltz was found on the floor of the Cussen car; her neck was broken and spinal cord severed. Respondent Davis by his answer admitted that she died as a result of the injuries she received in this three vehicle accident.

Service of process on Mrs. Stanfield was not made, and the action was dismissed as

to her. The cause was tried on the issues framed by the complaint and respondent Davis's answer. The jury verdict, signed by nine of the jurors, was returned in respondent Davis' favor and judgment entered accordingly. Appellant perfected his appeal from the judgment.

Appellant's first assignment of error is directed to the trial court's refusal to direct a verdict in his favor on the issue of negligence, leaving the amount of damages for the jury to determine. He contends that the testimony of respondent Davis to the effect that he followed the Cussen car by four to five car lengths, coupled with the statement, "I thought it sufficient enough distance for ordinary conditions", and the proof that the conditions at the time of the accident were far from ordinary, constituted a sufficient showing for the trial court to have ruled upon Davis's negligence as a matter of law. The question is whether such a showing is proof of negligence, as a matter of law.

"This court is committed to the rule it will pass on a question of negligence only in clear cases where the question of negligence is free from doubt, and, therefore, 'unless it is clear that in viewing and considering the evidence reasonable minds might not arrive at different conclusions the case should go to the jury,' and that it is only where the evidence points unerringly to a conclusion as to whether one is guilty of negligence or not that the matter becomes a question of law within the power of an appellate court to decide." Cogswell v. C. C. Anderson Stores Co., 68 Idaho 205, 211, 192 P.2d 383, 386.

To the same effect see: Graham v. Milsap, 77 Idaho 179, 290 P.2d 744; O'Connor v. Meyer, 66 Idaho 15, 154 P.2d 174; Owen v. Taylor, 62 Idaho 408, 114 P.2d 258.

The record discloses that respondent Davis had been over this road earlier the morning of the accident and was returning with his logging truck unloaded. On cross-examination he stated:

"Q. Now, let's establish one more distance. After Mr. Cussen passed you, did you speed up or did you slow down?

"A. I slowed down.

"Q. To what speed?

"A. I just let up on the gas. Then after following a ways I presume my speed picked up a little.

"Q. Then you were going about the same speed, about 30 miles an hour?

"A. Yes.

"Q. How far then did you stay behind the Cussen car up to the point of the accident?

"A. Four or five cars.

"Q. How far would that be?

"A. The average car is 16 feet.

"Q. And it was four car lengths?

"A. Four or five.

"Q. Could it have been three?

"A. No, I thought it sufficient enough distance for ordinary conditions.

"Q. This was not an ordinary condition?

"A. No, sir.

"Q. It was pretty slippery and you were four car lengths behind?

"A. Yes."

It was reasonable to infer from the foregoing testimony that Davis in stating, "I thought it sufficient enough distance for ordinary conditions", had reference to the conditions presented by the traffic and conditions of the road, and not to the extraordinary condition of the Cussen car being struck and stopped by the Stanfield car. This court cannot say as a matter of law that the record discloses evidence which points unerringly to the conclusion of negligence on the part of Davis. The trial court correctly refused to direct a verdict in appellant's favor on the issue of negligence.

Appellant asserts error in the refusal of the trial court to give his requested instructions to the jury dealing with the law concerning a single, or indivisible injury resulting from two separate, unrelated, but almost contemporaneous blows.

The facts disclose an impossibility of any determination as to whether the cause of death of Vera Weltz was from injuries received resulting from the impact from the Stanfield car, the Davis truck, or a combination of the two. It is likewise impossible to attribute any proportion of the injuries to either blow. Testimony of witnesses and the photographic exhibits disclose extensive damage to both the front and rear of the Cussen vehicle. The physician who examined Miss Weltz while she was still in the vehicle was unable to render an opinion as to which of the two collisions caused the fatal injuries.

Appellant sought to have the court instruct the jury on his theory of the case. He asserted it is the law that when it is impossible for anyone to determine whether a decedent dies as a result of injuries received from either one of the two blows, or from a combination of both, that because of such impossibility of determination as to the actual cause, the law requires a decedent be considered as having died as a result of both blows. His requested instructions specifically pointed out that it was for the jury to determine all the facts of the accident; also to determine whether any act or omission of Mr. Davis was a proximate cause or contributing efficient cause of his truck striking the Cussen car, and if so determined, whether such act or omission constituted negligence.

In evaluating appellant's assignment of error, consideration must be given to the fact that only one of the two alleged tort-feasors is before the Court; the cause was dismissed as to Mrs. Stanfield. Consideration must also be given to respondent Davis's admission contained in the pleadings that the decedent died from injuries received in the collision of the car, in which she was riding, with the other two vehicles. By appellant's contention, he is asserting a joint and several liability against respondent Davis, although he cannot prove that the girl was not already dead at the time of the second collision, or that there was a causal relation between the subsequent collision and her death.

A number of jurisdictions have been faced with a similar factual situation as is presented in this case, involving a multiple collision of vehicles, with a single or indivisible injury. The problem, that first plagued the courts in resolving the law in such cases was how one defendant could be held to be jointly and severally liable with another defendant when in fact their tort was not a "joint" tort; there was no joint duty owed to a plaintiff, and no breach of any joint duty when two automobile drivers successively collided with the plaintiff's car. See Maddux v. Donaldson, 362 Mich. 425, 108 N.W.2d 33 (1961).

Generally the courts have resolved such problem on a practical basis, as was aptly stated in 38 Am.Jur. Negligence, § 257, p. 946.

"Moreover, there are recognized classes of cases in which several persons may be held jointly and severally liable, although they are several and not joint tort-feasors, where, notwithstanding lack of any concert of action or unity of purpose, their acts are concurrent as to place and time and unite in setting in operation a single destructive and dangerous force which produces the injury. One such class of cases, recognized by most authorities, embraces those cases in which one is injured by the combined concurrent or successive negligence of different persons acting independently. According to the great weight of authority, where the concurrent or successive negligent acts or omissions of two or more persons, although acting independently of each other, are, in combination, the direct and proximate cause of a single injury to a third person, and it is impossible to determine in what proportion each contributed to the injury, either is responsible for the whole injury, even though his act alone might not have caused the entire injury, or the same damage might have resulted from the act of the other tort-feasor, and the injured person may at his option or election institute suit for

the resulting damages against any one or more of such tort-feasors separately, or against any number or all of them jointly."

Professor Cooley in his work on Torts, 1 Cooley, Torts, § 86, p. 277 (4th ed. 1932), states the rule:

"The weight of authority will, we think, support the more general proposition, that where the negligence of two or more persons concur in producing a single, indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design or concerted action."

Prosser in his handbook on the Law of Torts, § 45, p. 226 (2nd ed. 1955), states the proposition thus:

" * * * Where two or more causes combine to produce such a single result, incapable of any logical division, each may be a substantial factor in bringing about the loss, and if so, each may be charged with all of it. Here again the typical case is that of two vehicles which collide and injure a third person. The duties which are owed to the plaintiff by the defendants are separate, and may not be identical in character or scope, but entire lia-

bility rests upon the obvious fact that each has contributed to the single result, and that no rational division can be made."

See also: Murphy v. Taxicabs of Louisville, Inc., 330 S.W.2d 395, (Ky.1959); Maddux v. Donaldson, 362 Mich. 425, 108 N.W.2d 33 (1961); Ruud v. Grimm, 252 Iowa 1266, 110 N.W.2d 321 (1961); Reed v. Mai, 171 Kan. 169, 231 P.2d 227 (1951); Phillips Petroleum Co. v. Hardee, 189 F.2d 205 (5th Cir. 1951); Summers v. Tice, 33 Cal.2d 80, 199 P.2d 1, 5 A.L.R.2d 91 (1948).

Restatement of the Law of Torts § 879 states what we believe to be the correct rule:

"Except as stated in § 881 [pertaining to persons contributing to a nuisance], each of two persons who is independently guilty of tortious conduct which is a substantial factor in causing a harm to another is liable for the entire harm, in the absence of a superseding cause."

Respondent counters appellant's contention there was reversible error in failing to instruct on the indivisible injury theory, by asserting that the law applicable to the facts and issues of this action were fully covered by the court's Instructions Nos. 8, 11 and 13, set out below.[1] These

---

1. INSTRUCTION NO. 8.
  "Where the negligence of the person sought to be charged continued and ex-

ists up to the time of injury the concurrent negligent act of another is not a superseding cause, but becomes a con-

instructions properly covered the law as to a factual situation where the negligence of two or more persons did in fact combine or concur in causing injury to a third person. However, in the instant action, under the instructions given, in order for appellant to recover, the jury had to find negligence on the part of both Mrs. Stanfield and respondent Davis; also that the negligence of each of them was a contributing cause of the accident; and also determined that the combined injuries suffered by the Weltz girl, from the collisions, brought about the tragic result; or the jury had to find Davis negligent and that his negligence was the sole proximate cause of the injuries. Under appellant's theory, however, if the jury found Davis to be negligent, there was no requirement that the jury find the negligence of Davis combined or concurred with the negligence of Mrs. Stanfield in bringing about the results, or that Davis's negligence was solely responsible; all the jury was required to find was negligence on the part of Davis, and a single or indivisible injury suffered as a result of two separate collisions. If the jury made such findings, either driver found negligent

current proximate cause. The fact that neither of the negligent parties could have reasonably anticipated the concurrent negligence of another will not shield him from liability so long as his own negligence was a proximate cause of the injury or damage complained of. And it is irrelevant in this respect whose negligence was first in time, who was more or who less negligent, or whether one was ordinarily and the other wantonly negligent."

INSTRUCTION NO. 11.
"You are instructed that the proximate cause of an injury may be the concurrent negligent acts or omissions of two or more persons acting independently of each other. The negligence of the defendant in order to render him liable, need not be the sole cause of an injury. It is sufficient that his negligence, concurring with one or more efficient causes, is the proximate cause of the injury. Accordingly, where several causes combine to produce injuries, a person is not relieved from liability because he is responsible for only one of them, it being sufficient that his negligence is an efficient proximate cause, without which the injury would not have resulted, and that such other cause is not attributable to

the negligence of the deceased. It is no defense to the defendant that the injury and death would not have resulted from his negligence alone, without the concurrent negligence or wrongful act of the other persons."

INSTRUCTION NO. 13.
"You are instructed that, should you find negligence upon the part of the defendant Mr. Davis, which was a proximate cause, or contributing efficient cause, of the fatal collision, it is no defense for Mr. Davis to prove, if he has, that there was also negligence upon the part of Mrs. Stanfield which was a contributing proximate cause of the collision, and it is no defense for Mr. Davis to prove, if he has, that there was negligence upon the part of Mr. Cussen which was a contributing proximate cause, or contributing efficient cause, of the injury or death complained of. In other words, it is not necessary under the law that the plaintiffs must show that the negligence of Mr. Davis was the sole proximate cause. The law affixes liability to any person who is negligent where that negligence, operating of itself, or coupled with the acts or omissions of others, brought about the injury or death complained of."

could be held responsible for the full injury.

It is our conclusion that the instructions given by the court did not adequately cover this principle of law, and failure to instruct upon appellant's theory of the case as embraced in his requested instructions was prejudicial error.

Having determined that there was prejudicial error in failing to give instructions on appellant's theory of the case, which necessitates remand of the action for a new trial, issues raised by this appeal, which should be resolved for final determination of the case, will now be considered. I.C. § 1–205.

Appellant claims error in the giving of the court's instruction No. 10,[2] pointing to that portion which reads that appellant had "the burden of proving that Laurence R. Davis was guilty of negligence which was *the* proximate cause of the accident and resulting injuries, * * *" (emphasis added). Although properly the specific article "the" should not have been employed, for it placed a burden of proof not required under the facts or pleadings, no reversible error resulted for the court in subsequent instructions clearly advised the jury as to the correct law.

Appellant complains of the trial court giving an instruction on "unavoidable accident", and also an instruction dealing with "sudden emergency."

■ Appellant does not contend that the instruction given by the court on unavoidable accident is not a correct statement of the law. This court has had occasion to consider the applicability of this type of instruction to automobile accident cases in recent years in the cases of Turner v. Purdum, 77 Idaho 130, 289 P.2d 608; Lallatin v. Terry, 81 Idaho 238, 340 P.2d 112; and Morford v. Brown, 85 Idaho 480, 381 P.2d 45. In each instance this court has held that the giving of such an instruction was not erroneous, as the factual situation was such as to justify it. An extensive annotation dealing with the propriety of giving such an instruction appears in 65 A.L.R.2d 12, following the opinion of the Supreme Court of California in the case of Butigan v. Yellow Cab Company, 49 Cal.2d 652, 320 P.2d 500, 65 A.L.R. 2d 1 (1958). The Supreme Court of California there held that the giving of such an instruction under the facts created confusion in the minds of the jury, and con-

---

2. INSTRUCTION NO. 10.
    "I instruct you that the burden of proving that Laurence R. Davis was guilty of negligence which was the proximate cause of the accident and resulting injuries to Vera Weltz, is with the plaintiff. This means proof, not only of negligence on the part of Laurence R. Davis but that there is a causal connection between such negligence and the injuries which Vera Weltz received."

stituted reversible error. The majority opinion of California Supreme Court stated, at 320 P.2d 505:

"The instruction is not only unnecessary, but it is also confusing. When the jurors are told that 'in law we recognize what is termed an unavoidable or inevitable accident' they may get the impression that unavoidability is an issue to be decided and that, if proved, it constitutes a separate ground of nonliability of the defendant. Thus they may be misled as to the proper manner of determining liability, that is, solely on the basis of negligence and proximate causation. The rules concerning negligence and proximate causation which must be explained to the jury are in themselves complicated and difficult to understand. The further complication resulting from the unnecessary concept of unavoidability or inevitability and its problematic relation to negligence and proximate cause can lead only to misunderstanding."

Judged in the light of the factual patterns of the cases of Lallatin v. Terry, supra, and Morford v. Brown, supra, the giving of such an instruction was not error, although it must be recognized that where the trial court has capably and fairly instructed the jury as to negligence, causation and the burden of proof, the giving of such an instruction is merely a reiteration of applicable principles of law from the defendant's viewpoint; the inherent danger of such an instruction lies in the overemphasis of the defendant's case.

■ For a party to be entitled to have an instruction given on the theory of "sudden emergency" in rebuttal of a claim of negligence (or contributory negligence, as the case may be), the record must contain facts from which it could be found that the sudden emergency relied upon was not of his own making. Stuart v. McVey, 59 Idaho 740, 87 P.2d 446; Barry v. Arrow Transportation Company, 80 Idaho 447, 333 P.2d 1008. In the instant action, respondent Davis is charged by appellant with following the Cussen car too closely, or in travelling at excessive speed under the circumstances. Appellant does not contend that Davis was negligent in the control of his truck after the Stanfield vehicle struck the Cussen car, and Davis' conduct after the emergency, is not an issue here. The only issue to be resolved by the jury was whether Davis was negligent in the operation of his truck prior to the time of the Stanfield-Cussen collision, and his conduct after that collision not being claimed to have been negligent, the "sudden emergency" doctrine was not applicable and no instruction embracing it should have been given. The giving of such an instruction improperly interjected the issue of whether

there was or was not an emergency, and would tend to divert the attention of the jurors from resolution of the main issues of negligence and proximate cause.

The judgment is reversed and the cause remanded for new trial.

Costs to appellant.

KNUDSON, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.

### ON DENIAL OF PETITION FOR REHEARING

McFADDEN, Justice.

Respondent's petition for rehearing challenges the Court's determination that appellant's theory of the case was not fully presented to the jury. Appellant did submit to the court requested instructions dealing with the theory of concurrent acts of negligence, and respondent contends that these instructions, which were given by the court, fully covered appellant's theory of the case. With this contention we do not agree. In addition to the theory of concurrent acts of negligence, appellant by one of his requested instructions also sought to have the trial court instruct the jury on the theory of a single indivisible injury caused by two distinct blows. This theory of the case was not presented to the jury.

The petition for rehearing is denied.

KNUDSON, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.